MARY CLIFFORD, Respondent, *v.* FREDERICK KAMPFE et al., Appellants.

1. INCHOATE RIGHT OF DOWER — FORGED DEED. The inchoate right of dower possessed by a wife in the lifetime of her husband is such an interest in his real estate as entitles her to maintain an action in equity to cancel of record, so far as she is concerned, a deed of her husband purporting to be executed also by his wife, on the ground that so far as the deed purports to be signed by her it is a forgery.

2. DEED PURPORTING TO BE MADE BY WIFE — SIMILARITY OF NAMES. An action may be maintained by an inchoate doweress to cancel, as forged, a deed made by her husband and purporting to be joined in by his wife, although the name of the wife given in the deed may not be the exact name of the plaintiff, when the person executing the deed describes herself as the wife of the plaintiff's husband, with a name so similar to that of the plaintiff as to be liable to deceive those not intimately acquainted with her.

3. ACTION TO CANCEL FORGED DEED — PUBLIC POLICY. Public policy allows a wife to maintain, in the lifetime of her husband, an action to cancel, as forged, a recorded deed purporting to have been executed by her together with her husband, instead of waiting for an admeasurement of dower after her husband's death.

Reported below, 84 Hun, 393.

(Argued October 21, 1895; decided November 26, 1895.)

APPEAL from interlocutory judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 11, 1895, which reversed a judgment in favor of defendants, entered upon a decision of

the court on trial at Special Term, sustaining a demurrer to the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William J. Griffin* for appellant. An inchoate right of dower is not an estate or interest in real property. (*Witthaus* v. *Schack*, 105 N. Y. 332; *Dunn* v. *Huether*, 22 Civ. Pro. Rep. 118; *Phelps* v. *Phelps*, 75 Hun, 577; *M. L. Ins. Co.* v. *Shipman*, 50 Hun, 578; *Aikman* v. *Harsell*, 98 N. Y. 186; *Moore* v. *Mayor, etc.*, 8 N. Y. 112; *Maloney* v. *Horan*, 53 Barb. 29; *Hinchcliffe* v. *Shea*, 103 N. Y. 153; *Guidet* v. *Brown*, 3 Abb. [N. C.] 295; Code Civ. Pro. § 1596.) The plaintiff has not legal capacity to sue. (Code Civ. Pro. § 450; *Fitzgerald* v. *Quann*, 109 N. Y. 445; *Mangam* v. *Peck*, 111 N. Y. 404; *Dean* v. *M. E. R. R. Co.*, 119 N. Y. 547; *Bertles* v. *Nunan*, 92 N. Y. 157; *Madigan* v. *Walsh*, 22 Wis. 501; *Burns* v. *Lynde*, 6 Allen, 305.)

*Albert C. Aubery* for respondent. Considering the rights of the plaintiff in the light of a dower interest, she had a right to come into court and ask its protection, and she presented a case by her complaint which, called for the exercise of the equitable power of the court in her favor. (2 R. S. chap. 1, tit. 3, §§ 1, 16; *Price* v. *Price*, 124 N. Y. 589; 4 Kent's Comm. 50; 1 Story's Eq. Pl. § 529; *Thayer* v. *Thayer*, 14 Vt. 107; 1 Thomas' Coke, 20; *Mills* v. *Van Voorhees*, 20 N. Y. 412; *Matthews* v. *Duryee*, 4 Keyes, 525; 1 Story's Eq. Juris. § 656; *Jackson* v. *Edwards*, 7 Paige, 408; *Ripple* v. *Gibborn*, 3 How. Pr. 456; *Simar* v. *Canaday*, 53 N. Y. 298–303; *Madigan* v. *Walsh*, 22 Wis. 501; *Burns* v. *Lynde*, 6 Allen, 305; *Petty* v. *Petty*, 4 B. Monr. 215; *Davis* v. *Wetherell*, 13 Allen, 60; *Babcock* v. *Babcock*, 53 How. Pr. 97; *Taggart* v. *Rogers*, 49 Hun, 265; Code Civ. Pro. §§ 450, 2348; 1 Bliss' Code, 336.)

HAIGHT, J. The complaint in substance alleges that the plaintiff is the wife of James Clifford, and as such was seized

of an inchoate right of dower in the premises described in the complaint; that on or about the 6th day of June, 1892, the plaintiff's husband as owner, together with some person to the plaintiff unknown, did make, execute and deliver to the defendants a deed conveying said property to them ; that the deed purports to have been executed by one Maria Clifford as the wife of James Clifford and to have been duly acknowledged before a commissioner of deeds in the city of New York. The deed was recorded in the office of the register of the county of Kings in liber 3021 of Conveyances at page 454. The complaint further alleges that the plaintiff never signed, executed, acknowledged or delivered the said deed of conveyance, and in so far as the same purports to have been signed by the plaintiff the same is a forgery and is not her deed. Judgment is demanded that the deed of conveyance, so far as the plaintiff is concerned, may be set aside and canceled of record.

The demurrer to the complaint is upon the grounds that it does not state facts sufficient to constitute a cause of action, and that the plaintiff being a married woman has not the legal capacity to sue for the reason that the action does not affect her separate property.

The Revised Statutes provide that "a widow shall be endowed of the third part of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage." (1 R. S. 740, § 1.)

Dower accrues to the widow, and not to the wife, and until she becomes a widow her right is inchoate and contingent. Her claim can only become effective on the death of her husband and her survival. Being inchoate and contingent, her interest does not amount to an estate or title, and yet she has an interest which attaches to the land as soon as there is a concurrence of marriage and seizin. (4 Kent's Com. 50.)

The right of a doweress to her dower is not only a legal right, and so adjudged at law, but it is a moral right, to be provided for. She is entitled to maintenance and sustenance out of her husband's estate. She is, therefore, in

the care of the law, and a favorite of the law. (1 Story's Equity, § 629.)

The inchoate right of dower is a valuable, subsisting, separate and distinct interest which is entitled to protection, and for which the wife may maintain a separate action. (*Simar* v. *Canaday*, 53 N. Y. 298–305; *Mills* v. *Van Voorhies*, 20 N. Y. 412; *Jackson* v. *Edwards*, 7 Paige, 408; *Madigan* v. v. *Walsh*, 22 Wisconsin, 501; *Burns* v. *Lynde*, 6 Allen, 305; *Davis* v. *Wetherell*, 13 Allen, 60; *Petty* v. *Petty*, 4 B. Monroe, 215; *Babcock* v. *Babcock*, 53 Howard's Pr. 97; *Taggart* v. *Rogers*, 49 Hun, 265.)

The action may not be, strictly speaking, one to remove a cloud upon title, for the inchoate doweress is not the owner of the title. But she has an inchoate interest which attaches to the land, and this she may protect in an action similar and in analogy to one to remove a cloud upon title. Equity is not limited to actions to remove clouds upon title, but reaches out to protect the rights of persons where they are threatened. It will restore property rights where fraud has intervened, and will annul contracts if public policy requires. All of these elements are embraced in the present case. It is claimed that the complaint alleges no fraud, and that there is no allegation of forgery. But the facts are set forth, and it is alleged that in so far as the deed purports to have been signed by the plaintiff, the same is a forgery. The deed purports to have been executed by Maria Clifford. The plaintiff's name is Mary. But the person executing the deed describes herself as the wife of James Clifford, thus personating the plaintiff with a name so similar as to be liable to deceive those not intimately acquainted with the plaintiff. This was a fraud upon her and tended to impair her rights as an inchoate doweress.

It is said that this action is unnecessary; that the plaintiff could wait until her husband's death and then maintain an action to have her dower admeasured. Possibly such an action might be maintained, but this brings to our attention the question affecting public policy. This deed, as we have

seen, purports to have been executed by Clifford and his wife. It purports to have been acknowledged before an officer authorized to take an acknowledgment of deeds and it has been recorded in the office of the clerk of the county, thus showing a transmission of a good record title free from all claim of dower or other interest. It there remains of record to deceive innocent purchasers until such time as the plaintiff shall be permitted to assert her claim. This, it appears to us, she should be allowed to do at once whilst her evidence is at hand and the public may thus be protected from the fraud.

The judgment appealed from should be affirmed, with costs, but with leave to the defendants to answer in twenty days upon payment of the costs of the demurrer and of the appeals.

All concur.

Judgment accordingly.