such witnesses the defendant was entitled to the greatest latitude. After the defendant's counsel had asked the drug clerk whether he had ever seen Frederick Powers, and had received the answer "Yes," he followed it up by the further question, "Did you identify him as the man who held the revolver to your head?" This question was excluded. We think that it might properly have been allowed; for although it is to be assumed that the reason for excluding it was that it related to the identification, not of this defendant, but of another man, that other man in this instance was the one who it was insisted had been a participant in the commission of the crime. Strictly speaking, the ruling was erroneous; but it was not in any great degree harmful, because full opportunity was given the prisoner's counsel to cross-examine the drug clerk in reference to his identification of this defendant, and as to what part, if any, Frederick Powers played in the commission of the crime. In considering this ruling, as well as the others, we must be governed by section 542 of the Code of Criminal Procedure, which provides that, "after hearing the appeal, the court must give judgment without regard to technical errors or defenses or exceptions which do not affect the substantial rights of the parties." Examining the record with this section as our guide, and in view of the full and clear charge made by the court in submitting the question of the defendant's guilt to the jury, we do not think any error was committed which would justify our interfering with the verdict; and the judgment, accordingly, must be affirmed. All concur.

---

EMIGRANT INDUSTRIAL SAV. BANK v. REGAN et al.

(Supreme Court, Appellate Division, First Department. June 9, 1899.)

DIVORCE—ALIMONY—SURPLUS AFTER MORTGAGE FORECLOSURE.

   Where a husband and wife have been separated by a judgment in favor of the latter, and she is dependent on alimony awarded her, an order awarding the husband the surplus arising from a sale of his land under mortgage, on his giving bond with sureties to pay his wife interest on one-third the surplus for her life after his death, is erroneous, as an investment of one-third of the surplus, under an order making interest payable to him until his death and to her thereafter, would more effectually secure her inchoate right of dower.

Appeal from special term, New York county.

Suit by the Emigrant Industrial Savings Bank against Thomas Regan and Jennie A. Regan. From an order directing the city chamberlain to pay over surplus money after mortgage foreclosure, Jennie A. Regan appeals. Reversed.

Argued before McLAUGHLIN, PATTERSON, O'BRIEN, and IN-GRAHAM, JJ.

S. B. Livingston, for appellant.
John M. Stearns, for respondent.

PATTERSON, J. By the order appealed from Thomas Regan was authorized to withdraw from the city chamberlain a certain sum on

deposit, being surplus moneys arising from the sale of mortgaged premises. Regan was the owner of the equity of redemption. Upon a sale of the mortgaged premises a large surplus resulted, and upon a proceeding instituted respecting such surplus only two persons claimed it, namely, Thomas Regan and Jennie A. Regan, his wife; the claim of the latter being based upon her inchoate right of dower. A referee was appointed in the proceeding, and he reported that Jennie A. Regan, the wife of Thomas Regan, was entitled to an inchoate right of dower in one-third of the surplus; that the then present value of that contingent right of dower was a certain sum; that the surplus moneys should be distributed by paying to Mrs. Regan either that present value, or by setting apart a portion of such surplus for her dower in case of her surviving her husband; and that the balance of the surplus should be paid over to Mr. Regan. Mrs. Regan objected to the report, and declined to accept a gross sum, and upon an application to confirm the report of the referee the court sustained the objection of Mrs. Regan, and directed that two-thirds of the surplus moneys be paid to Mr. Regan, and that the remaining one-third be invested by the chamberlain to secure the inchoate dower interest, but without prejudice to the right of Mr. Regan to apply to the court for a further order directing the city chamberlain to pay to Mr. Regan the one-third thus retained, upon his giving to the chamberlain or to Mrs. Regan such sufficient security as the court might deem proper and sufficient for the protection of the rights of Mrs. Regan in the surplus moneys. That order was made in February, 1899. On the 8th of March, 1899, Mr. Regan made a motion for an order directing the payment of the one-third of the surplus moneys to him upon his giving security, and the court made the order now appealed from, which provides that the chamberlain pay the one-third now remaining of the surplus to Mr. Regan upon the presentation to him (the chamberlain) of a bond with two sufficient sureties, who are to justify on two days' notice to be given to Mrs. Regan's attorney; the bond to be approved by a justice of the supreme court, and to be conditioned for the payment to Mrs. Regan, after the death of Mr. Regan, if she shall survive him, of the annual interest or income of the one-third of the surplus moneys during the term of her natural life.

It is objected by the appellant that the court had no jurisdiction to make this order. In Jackson v. Edwards, 7 Paige, 386, the chancellor stated that the dower right of a wife might be effectually protected in the proceeds of sale of real estate in a partition suit by allowing such proceeds to be paid over to the husband upon his giving security to the register or clerk that the interest or income of one-third of the proceeds shall be paid to her after his death, during her natural life, should she survive him. In Denton v. Nanny, 8 Barb. 618, it was said that the reasoning of the chancellor in the case of Jackson v. Edwards would apply with equal force to moneys arising on surplus proceedings in foreclosure suits. Although the power may exist, it is one which rests in the judicial discretion of the court, to be exercised in each particular case as justice may require, regard being had to the situation of the parties. Here it is shown that

Mr. and Mrs. Regan have been separated by a judgment of the court in favor of the latter, and that she is dependent upon alimony awarded her by the judgment of separation. The inchoate right of dower which she had in this real property of her husband, although not an estate, is nevertheless an interest which the court will protect and is bound to protect. As was declared in Simar v. Canaday, 53 N. Y. 304, it is the settled law of this state that, as between a wife and any other than the state or its delegates or agents exercising the right of eminent domain, an inchoate right of dower is a subsisting and valuable interest, which will be protected and preserved to her, and that she has a right of action to that end. That right has been recognized and enforced to such an extent as to entitle her to maintain a suit in equity to cancel of record, so far as she was concerned, a deed of her husband's property purporting to have been executed by her; such action being brought on the ground that the deed purporting to be signed by her never was so signed. Clifford v. Kampfe, 147 N. Y. 383, 44 N. E. 1. We are of opinion in this case, considering the situation of the parties, that, as to this inchoate right of dower of the wife, those parties should stand to each other, as near as may be, in the same attitude as if the husband were still seized of the land. It is no greater hardship to him that a third of the surplus money should remain on deposit, he drawing interest upon it, than if the land had remained unsold, he receiving the rents and profits. We see no reason why the risk should be thrown upon Mrs. Regan of sureties (who may be perfectly solvent on the day they justify) subsequently becoming insolvent, or why she should be subjected to the possible contingency of being obliged in the future to sue the obligors or their representatives upon personal bonds.

We think the order was therefore improperly made, in view of all the circumstances of this case, and that it must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

---

### In re HELLER et al.

(Supreme Court, Appellate Division, First Department. June 9, 1899.)

DEPOSITIONS—WITNESSES OUTSIDE THE STATE—RIGHT TO COMPEL ATTENDANCE.
Under Code Civ. Proc. § 915, authorizing the issuance of a subpœna for a person, for the taking of whose testimony a commission has been issued by a court of another state, on the presentation of an affidavit to the judge that the testimony of the witness is material, the issuance of a subpœna for persons for whose testimony a commission has been issued in another state is warranted by an affidavit that the action is brought to distribute a fund in which the persons sought to be examined claim an interest, and that plaintiff expects to prove by them that their claim to the fund is invalid; that plaintiff has no other persons by whom he can prove that fact; and that the persons sought to be examined are necessary and material witnesses.

Appeal from special term, New York county.

A subpœna was issued, requiring James E. Heller and another to appear and be examined before a commissioner appointed to take