HINDE MARIAM MILLER, Plaintiff, *v.* WOLF MILLER and Others, Defendants.

Supreme Court, Kings Special Term, December, 1922.

**Deeds — married man describing himself as unmarried — deed void as to wife's dower interest.**

Where a husband in a deed purporting to convey real property " free and clear " described himself as unmarried, the plaintiff, who was his wife at the time of the conveyance, is entitled to a judgment declaring said transfer and subsequent transfers of the property void in so far as her dower interest therein is affected.

SUIT to declare transfer of property void.

*Max L. Kane*, for plaintiff.

*Harry H. Jacobson*, for defendant David Konigsberg.

LEWIS, J. Plaintiff seeks a decree declaring a transfer of certain property by her husband void in so far as her dower interest therein is affected.

It is undisputed that the plaintiff and the defendant Wolf Miller were married in 1892, and that on the 1st day of May, 1920, the defendant Wolf Miller transferred the real estate described in the complaint to the defendant Dubeshter, in which deed the defendant Miller described himself as unmarried, thereby purporting to convey the property free and clear of any dower right of the plaintiff; that the property was thereafter conveyed to the defendant Abrams and finally to the defendant Konigsberg.

The case of *Clifford* v. *Kampfe*, 147 N. Y. 383, is analogous to the case at bar. I am unable to note any distinction between a deed to which a wife's name is forged and one where the recital falsely states that the grantor is unmarried.

The case should be commenced, as was stated in that case, " Whilst her evidence is at hand and the public may thus be protected from the fraud."

Furthermore, her acquiescence in the falsity of the recital would prejudice her in the assertion of her rights against innocent purchasers in the future.

Judgment for plaintiff.

Judgment accordingly.