HOME BUILDING CORPORATION, Plaintiff, *v.* BENJAMIN ROSIN and SARAH ROSIN, His Wife, Defendants.

Supreme Court, Kings Special Term, July, 1923.

**Mortgage — foreclosure — surplus — dower rights of wife of mortgagor.**

The inchoate right of dower of a mortgagor's wife attaches to any surplus remaining in foreclosure of a mortgage on his property and one-third of said surplus will be held with direction that the income be paid to the mortgagor until his death and thereafter to his wife.

SURPLUS MONEY proceeding.

*Haskel Corenthal,* for Benjamin Rosin, for motion.

*Isadore Apfel,* for Sarah Rosin, in opposition.

CROPSEY, J. A husband claims the whole surplus in a mortgage foreclosure. His wife claims her dower right therein. The property belonged to the husband, and his wife had an inchoate dower right in the equity of redemption prior to the foreclosure (*Mills* v. *Van Voorhies,* 20 N. Y. 412), and such a right is a valuable interest which will be preserved to her. *Simar* v. *Canaday,* 53 N. Y. 298, 304. A wife may even sue to have set aside a forged deed purporting to transfer her inchoate right. *Clifford* v. *Kampfe,* 147 N. Y. 383. When a surplus remains in foreclosure the wife's inchoate right attaches to it, the same as it attached to the equity of redemption. *Matthews* v. *Duryee,* 4 Keyes 525; *Emigrant Industrial Bank* v. *Regan,* 41 App. Div. 523. It follows that the husband is at most entitled to but two-thirds of the sum. The wife is not entitled to any money now, but the other one-third should be held by the chamberlain under proper provisions for paying the income thereon to the husband, and after his death the income to go to the wife. Ordered accordingly. Give notice of settlement of order.

Ordered accordingly.