The WISCONSIN STATE AFL–CIO, John W. Schmitt as its president and individually, and Jack B. Reihl as its secretary-treasurer and individually; the United Auto Workers Union, Region 10, Ralph W. Koenig as its director and individually, and William Troestler as the coordinator of its Community Action Program and individually; the Democratic Party of Wisconsin and Matthew Flynn as its chairman and individually; Ronald J. De Lain as the Clerk of Brown County and individually; Gary R. George as a member of the Wisconsin State Senate and individually; and, John Brogan, Plaintiffs,

v.

ELECTIONS BOARD, an independent agency of the State of Wisconsin; its chairman, William Mattka; each of its members individually, Gary Aamodt, Stephen A. Beyer, Gregory B. Conway, Esther Kaplan, James Murphy, John Niebler, and Helen Sigmund; and, its executive secretary, Gerald J. Ferwerda, Defendants,

and

the Republican Party of Wisconsin, the League of Women Voters, the City of Milwaukee, Clifford W. Krueger, Stephen R. Leopold, Thomas A. Hauke, Annette Polly Williams, Governor Lee S. Dreyfus, Tommy G. Thompson, Donald J. Hannaway, Fred A. Risser and Ed G. Jackamonis, Intervening parties.

Civ. A. No. 82–C–0113.

United States District Court, E. D. Wisconsin.

June 9, 1982.

Order Filed June 16, 1982.

Jon P. Axelrod, Madison, Wis., for plaintiffs.

F. Joseph Sensenbrenner, Deputy Atty. Gen., Madison, Wis., for defendants.

Before BAUER, Circuit Judge, and GORDON and EVANS, District Judges.

## DECISION and ORDER

In 1972 the Wisconsin Legislature enacted legislation to reapportion the state's 33 Senate districts and 99 Assembly districts on the basis of the 1970 census. See Wis. Stat. § 4.001(1). The 1972 legislative elections and subsequent legislative elections have been conducted under the district boundaries established by the Wisconsin Legislature in 1972.

In 1980, the Bureau of the Census, United States Department of Commerce, conducted a decennial census of Wisconsin, as well as all other states. The 1980 census figures, as recertified by the Census Bureau on May 19, 1982, set the population of Wisconsin at 4,705,521. According to the current census figures, if the state were to be divided into 33 Senate districts of precisely equal numbers, each district would contain 142,591 persons. The population required to make the districts perfectly equal in population

will be referred to in this decision as the "ideal norm." The ideal norm for 99 Assembly districts, according to the 1980 census, is 47,531.

The 1980 population of 4,705,521 represents a 6.5 percent increase from the 1970 population of 4,417,933. The 1980 census figures also reveal shifts in population, most notably an increase in the population in northern Wisconsin and a decrease in the population in southeastern Wisconsin, particularly in the City of Milwaukee. Because of population growth and shifts, there exists today significant disparities in the populations of the current state legislative districts. The existing Senate districts range from a district where the population exceeds the ideal norm by 27.3%, to a district where the population is less than the ideal norm by 22.5%. The current Assembly districts range from a district where the population exceeds the ideal norm by 29% to a district where the population is less than the ideal norm by 33.4%.

To date, a new legislative reapportionment plan has not been enacted. We have been advised that a plan was passed by the legislature in May but that it was vetoed by Governor Lee Dreyfus. The vetoed plan has been submitted to us for our consideration and, after reviewing it, we conclude that it is one of the worst efforts before us and for that reason we decline to adopt it. The plan has, in our opinion, no redeeming value [1] and we will not discuss it further in this opinion.

This action, seeking a declaration that the present apportionment of Wisconsin's legislative districts is unconstitutional and praying for a judicial plan of reapportionment was filed in this district on February 2, 1982. Judge Terence T. Evans, the United States District Court judge to whom this matter was originally assigned, determined that the case was appropriate for treatment by a three judge panel under 28 U.S.C. § 2284, and accordingly he requested in a letter to the Chief Judge of the United States Court of Appeals for the Seventh Circuit that two other judges be appointed to form a panel to consider this case. On February 8, 1982, Chief Judge Walter J. Cummings of the Seventh Circuit Court of Appeals designated Judge Myron L. Gordon of the United States District Court for the Eastern District of Wisconsin and Judge William J. Bauer of the United States Court of Appeals for the Seventh Circuit to join Judge Evans in forming a three judge court to consider this case.

On February 22, 1982, we entered an order declaring the current reapportionment scheme unconstitutional and enjoining the defendant state Elections Board from preparing for or administering any elections using the current Senate and Assembly districts. The order also set deadlines for the filing of motions to intervene and for the submission of proposed reapportionment plans. Within the scheduled deadlines, the court received eight motions to intervene and, after one was withdrawn, the remaining seven were granted. Three of the parties, in addition to the original plaintiffs, submitted proposed state-wide reapportionment plans. Other parties submitted plans dealing with portions of Milwaukee County. Plans were also submitted by interested non-parties.

Subsequently, Governor Dreyfus moved to intervene. He also moved that we abstain from further proceedings because he had filed a petition to invoke the original jurisdiction of the Wisconsin Supreme Court to consider reapportionment. The Governor's motion to intervene as a party was granted. His abstention motion was denied. In light of the intervention of the Governor, legislative leaders of both the majority Democratic party and the minority Republican party moved to intervene in the case. Their motions were granted.

---

1. For example, the hastily conceived plan (LRB–5659/1 as amended by LRBa5675/1 and LRBa5674/1) has an assembly deviation range of 6.02%, a rate that may very well be constitutionally unacceptable, as the deviations do not appear to be the result of efforts to adhere to a state policy directed toward maintaining the integrity of political subdivisions. *See Mahan v. Howell,* 410 U.S. 315, 93 S.Ct. 979, 35 L.Ed.2d 320 (1973).

The Wisconsin Supreme Court granted the Governor's petition and assumed jurisdiction of his reapportionment action, but that action was removed to the United States District Court for the Western District of Wisconsin. On April 1, 1982, the Western District court transferred the case to us. The matter is properly here, and the requisite conditions precedent to the exercise of our jurisdiction have been satisfied.

On April 21, 1982, we entertained oral arguments, and on April 23 an order was entered noting that we were reluctant to act until convinced that all reasonable efforts to establish a constitutionally acceptable redistricting plan had been exhausted by those charged with a duty to perform. Because the elected representatives of the people of Wisconsin have been unable to agree, we must now discharge our duty under the law. Before performing that duty, however, we deem it appropriate to note the following.

In *Reynolds v. Sims*, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964), the United States Supreme Court held that the Equal Protection Clause of the United States Constitution requires that state legislative districts be apportioned on a population basis.

"We hold that, as a basic constitutional standard, the Equal Protection Clause requires that the seats in both houses of a bicameral state legislature must be apportioned on a population basis. Simply stated, an individual's right to vote for state legislators is unconstitutionally impaired when its weight is in a substantial fashion diluted when compared with votes of citizens living in other parts of the State."

*Reynolds v. Sims*, 377 U.S. at 568, 84 S.Ct. at 1385. In so holding, the Supreme Court extended the "one person, one vote" principle enunciated with respect to congressional reapportionment in *Baker v. Carr*, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962), to state legislative reapportionment.

■ Pursuing the concept of apportionment by population, the court continued:

"By holding that as a federal constitutional requisite both houses of a state legislature must be apportioned on a population basis, we mean that the Equal Protection Clause requires that a State make an honest and good faith effort to construct districts, in both houses of its legislature, as nearly of equal population as is practicable." *Reynolds, supra,* at 577, 84 S.Ct. at 1388.

Clearly, with respect to apportionment, equal population is the "most elemental requirement of the Equal Protection Clause." *Connor v. Finch,* 431 U.S. 407, 409–410, 97 S.Ct. 1828, 1830, 52 L.Ed.2d 465 (1977); *Chapman v. Meier,* 420 U.S. 1, 22, 95 S.Ct. 751, 763, 42 L.Ed.2d 766 (1975). To prevent the debasement of citizens' voting power and to honor the dictates of the Equal Protection Clause, equality of population, to the extent it is practicable, is the cornerstone of any constitutional apportionment plan.

Within the overall requirement that districts be as equal in population as practicable, different standards of population equality apply to different types of plans. A congressional plan is held to a more exacting standard of population equality than a legislative plan, *Chapman v. Meier,* 420 U.S. 1, 23, 95 S.Ct. 751, 764, 42 L.Ed.2d 766 (1975), *Gaffney v. Cummings,* 412 U.S. 735, 741–742, 93 S.Ct. 2321, 2325, 37 L.Ed.2d 298 (1973). Similarly, a court-ordered legislative plan is held to a higher standard of equality than a legislative plan enacted by a state. See: *Chapman* and *Connor, supra.*

■ Some deviations from a strict population standard may be permitted in a legislative reapportionment plan, if they promote some rational state policy, *Reynolds, supra,* at 579, 84 S.Ct. at 1390:

"So long as the divergences from a strict population standard are based on legitimate considerations incident to the effectuation of a rational state policy, some deviations from the equal-population principle are constitutionally permissible with respect to the apportionment of seats in either or both of the two houses of a bi-cameral state legislature."

While some deviations are permitted, the court in *Reynolds* observed:

"[C]areful judicial scrutiny must of course be given, in evaluating state apportionment schemes, to the character as well as the degree of deviations from a strict population basis. But if, *even as a result of a clearly rational state policy of according some legislative representation to political subdivisions, population is submerged as a controlling consideration in the apportionment of seats in a particular legislative body, then the right of all of the State's citizens to cast an effective and adequately weighted vote would be unconstitutionally impaired.*" *Reynolds, supra,* at 580, 84 S.Ct. at 1390 (Emphasis added.)

■ The United States Supreme Court has declined to define a statistically permissible level of population variation. Each case must be considered on its own facts. We believe that a court-ordered legislative reapportionment plan should meet a high standard of population equality. Deviations from population equality should, if at all possible, be of the de minimis variety.

The plans submitted to us differ greatly in their range of deviation. For example, the plan submitted by the plaintiff Democrats has an assembly deviation range of 2.83 (high district + 1.36, low district – 1.47) while the plan submitted by the Republican party has a deviation range of 10.11 (high district + 5.60, low district –4.54). The Democrats' plan is the lowest, and the Republican plan the second highest. We believe that a constitutionally acceptable plan should not deviate as high as 10%, and should, if possible, be kept below 2%.

The Wisconsin Constitution provides that Assembly districts should "... consist of contiguous territory and be in as compact form as practicable." Wis.Const. Art. IV, § 4. Within the limitations imposed by the requirement of population equality, the state may legitimately desire to make districts compact and contiguous.

"A State may legitimately desire ... to provide for compact districts of contiguous territory in designing a legislative apportionment scheme."

*Reynolds, supra,* 377 U.S. 533, 578, 84 S.Ct. 1362, 1389, 12 L.Ed.2d 506 (1964). The Wisconsin Supreme Court has defined "contiguous" to mean that a district "cannot be made up of two or more pieces of detached territory," *State ex rel. Lamb v. Cunningham,* 83 Wis. 90, 148, 53 N.W. 35, 57 (1892). The term "compact" has not been defined in Wisconsin, but other states with similar constitutional requirements have defined "compact" as meaning closely united in territory. *See People ex rel. Woodyatt v. Thompson,* 155 Ill. 451, 40 N.E. 307 (1895).

■ The constitutional requirement of compactness is not absolute; the districts must be as compact "as practicable," Wis. Const. Art. IV, § 4. Practical factors such as natural or political subdivision boundaries may legitimately vary the shapes of districts. In other words, districts should be reasonably, though not perfectly, compact and contiguous, *People ex rel Scott v. Grivetti,* 50 Ill.2d 156, 277 N.E.2d 881 (1971).

■ Although important, the requirement of compactness is clearly subservient to the overall objective of population equality. *See People ex rel. Scott v. Grivetti, supra.* While recognizing the secondary importance of compactness, we note that some of the plans submitted to us contain districts that are anything but compact. Some contain districts that wiggle and meander without any discernible reason save, perhaps, for the desire to stretch a district to fit some political end.

The most commonly urged justification for variation from strict population equality in state legislative reapportionment plans is that the integrity of county lines should be preserved. *See Sims v. Amos,* 336 F.Supp. 924, 933 (M.D.Ala.1972). Adherence to that justification has been urged in this suit, but only by those who have submitted plans with significant population deviations. The Wisconsin Constitution provides that county, town and ward lines should be maintained:

"The members of the Assembly shall be chosen biennially, by single districts, on

the Tuesday succeeding the first Monday of November after the adoption of this amendment, by the qualified electors of the several districts, *such districts to be bounded by county, precinct, town or ward lines* to consist of contiguous territory and be in as compact form as practicable."

Article IV, § 4, Wisconsin Constitution (emphasis supplied).

At one time, Assembly districts which divided counties were held unconstitutional in Wisconsin except where a county was entitled to more than one state Representative. *State ex rel. Attorney General v. Cunningham*, 81 Wis. 440, 468, 51 N.W. 724 (1892). County lines were considered to be "inviolable" in Wisconsin, and the principle was incorporated into the court-ordered reapportionment plan adopted by the Wisconsin Supreme Court in 1964. *See State ex rel. Reynolds v. Zimmerman*, 23 Wis.2d 606, 128 N.W.2d 16 (1964). That plan, the last "intact-county" plan in Wisconsin, established population deviation ranges that would be totally unacceptable today. The 1964 court-ordered plan, announced before the United States Supreme Court decided *Reynolds v. Sims*, contained 53 Assembly districts with deviations exceeding 10%. The largest average deviation, 32.5%, was in Walworth County with a population of 52,-368, 12,840 over the ideal norm of 39,528. At the other end of the scale was the Calumet County district with a population of 22,268, 17,260 below the ideal norm. Calumet County's deviation was 43.7%. The total deviation, high to low, was 76.2%. Considering the United States Supreme Court decisions of the 1960's and the drastic deviations in the 1964 plan, it is little wonder that Robert W. Warren, the then-Attorney General of Wisconsin, now United States District Court Judge for the Eastern District of Wisconsin, found the Wisconsin constitutional requirements regarding the respecting of county lines to be "nugatory" in an opinion written in 1969. *See* 58 Op. Atty. Gen. 88 (1969).

While maintaining the integrity of county lines may be a desirable objective, we believe its general incompatibility with population equality makes it only a consideration of secondary importance. On this point we further observe that the best plan on keeping counties intact, the plan denominated as "Republican II," only keeps 34 together, while the "Democrat II" plan keeps 30 intact.

The other Republican plan submitted to us keeps only 19 counties intact and the second Democratic plan that we have considered keeps 26 counties together. None of the other plans are particularly impressive on this point although all, except for the so-called "Hauke-Leopold" plan with 21, keep more than the present 23 counties together.

Our plan, which will be discussed later, was drafted with the somewhat elusive goal of maintaining the integrity of county lines firmly in mind. We were able to succeed only to the extent of keeping 31 counties intact.

Although the Wisconsin Constitution quoted above provides for the maintenance of county, town and ward lines [2], absent is any requirement that city and village boundaries be maintained. The plaintiffs, whose plan splits more municipalities than those submitted by others, argue that the framers of the Constitution realized that the dividing of cities and villages would be necessary to achieve population equality in districts. They rely on *State ex rel. Lamb v. Cunningham, supra*, at 148, 53 N.W. 35, where the Supreme Court states:

"It will be observed that the section quoted speaks of 'ward lines,' but contains no other reference to cities. From this it is manifest that the framers of the constitution, even at that early day, contemplated that the necessity was likely to arise for dividing up cities by ward lines in the formation of assembly districts, and thus allow smaller factors to enter into the

---

2. The Constitution also requires adherence to precinct lines, but Wisconsin no longer has

precincts.

formation of such districts, and to that extent facilitate the equality of representation."

Thus, they conclude, there is no Wisconsin constitutional requirement that city or village boundaries be maintained.

The Republicans concede that the maintenance of municipal boundaries is not constitutionally required, but argue that the court should engage in a " . . . carefully tailored relaxation of the Article IV restrictions against breaching of county, municipal, village, town and ward boundaries." Republican Party Brief, p. 40. They argue that the degree of relaxation of the requirements should be limited and that population variances of around 10% are acceptable, if necessary to adhere better to municipal lines.

The Blaney Institute, Inc., of Madison, Wisconsin, which has been very helpful to the court in providing comparative data on the plans submitted[3], reports that the number of "municipal splits" in the two Republican plans are 48 and 66, while the numbers for the two Democratic party plans are 105 and 115. The two Republican plans average 192.5, and the two Democratic plans average 186.5 in the number of county splits.

We believe the maintenance of municipal boundaries to be important. We agree, however, with the apparent sentiment of all involved in this case that the splitting of municipal boundaries is necessary to adhere to the one person, one vote, principle. We believe that municipal splits should be used sparingly and we have tried to do so in our plan.

Closely related to the goal of maintaining the integrity of county and municipal lines is the objective of preserving identifiable communities of interest in redistricting. One important aspect of this concern is avoiding any dilution in the voting strength of racial and ethnic minorities. Among the identifiable racial and ethnic minorities in Wisconsin, only black citizens of Milwaukee

County represent a sufficiently large population in a relatively concentrated area to be an effective majority in any Senate or Assembly districts. We believe that sound policy requires that any redistricting plan ensure fair representation to the black population. Our plan clearly meets this objective. We will comment on this aspect of our plan when we discuss its impact on Milwaukee County later in this decision.

A substantial number of Hispanics reside in Milwaukee County but, because of their dispersement within the county, it is impossible to draw an otherwise constitutional Assembly district with a high percentage of Hispanic residents. Our plan, however, avoids as much as possible the fragmentation of the Hispanic community by including the areas of heaviest Hispanic concentration in one Assembly district. By locating the primary concentration of the Hispanic population in one district, the plan helps to ensure that Hispanics will have the greatest potential to influence the election of a Representative of their choice.

Like the Hispanic minority, American Indians are dispersed throughout the state to the extent that it is impossible to draw an otherwise constitutional district with a large (over 65%) percentage of American Indian inhabitants. However, by locating one of the primary concentrations of American Indians (Menominee, Forest and a portion of Shawano Counties) in one district, our plan will have the potential to provide them with an opportunity to influence the election of a State Representative of their choice.

We have carefully studied the plans and arguments submitted to us by both the parties and the non-parties to this litigation. Although we have found all of them to be helpful, we are particularly indebted to Attorneys Ronald R. Ragatz, Jon P. Axelrod, Stephen G. Ryan and Robert M. Whitney for their excellent briefs and analyses. The submissions have been very helpful to us in

---

**3.** The data compilations have not been challenged and are, for that reason, accepted as true.

meeting our obligations in this difficult case.

Keeping in mind the criteria discussed above, we have reluctantly concluded that we can, by drawing our own plan, be more faithful to the goals of reapportionment than would be the case if we were to take the easy way out and merely adopt one of the plans submitted to us. For this reason we promulgated the attached plan as our reapportionment plan.

We have no desire to comment extensively on our plan. We will, however, make a number of general observations.

### Population Equality

#### The Best in the History of Wisconsin

■ The old "intact county" state constitutional requirements resulted, since statehood, in a Wisconsin legislature that was not apportioned according to population until 1972. Even the 1964 plan, drafted during the formative years of the "one person, one vote" principle had, as we have observed, intolerable population deviations of 76.2%. The best plan submitted to us, as we have further observed, has a population deviation of 2.83%. Our plan not only improves upon the plaintiffs' submission, it surpasses the effort of the 1972 legislature and creates the lowest population deviation in the history of Wisconsin.

The ideal population of an assembly district, as stated on page 2, is 47,531. The largest of our ninety-nine districts is number 43, with a population of 47,944. The smallest of our districts is number 26, with a population of 47,119. The high district is only 413 over the ideal, and the low is only 412 people under. The deviation in our plan is a scant 1.74%.

Our plan has no districts that vary from the ideal norm by more than 0.87%. Of the plans submitted to us, only the plaintiffs' did reasonably well on this point, but even their plan contained nine districts that had more than a 1% deviation. The other plans, Hauke-Leopold with 34 districts over one percent deviation, the Republicans with 38, and the plan submitted by intervenor Senator Clifford W. Krueger with 45, have failed to impress us. We believe that our plan honors the young but equitable constitutionally required condition that, in a representative form of government, the vote of each person be, to the extent reasonably possible, equal in weight to the vote of another.

### Milwaukee County

#### General

Milwaukee County has a population of 964,988. Its population represents 20.5% of Wisconsin's 4,705,521 inhabitants. It has 641,443 more people than the second largest county in Wisconsin. It contains 18 municipalities plus the state's largest city. It has the state's largest concentrations of black and Hispanic inhabitants. It contains many of the often conflicting interests involved in reapportionment, and for these reasons we deem it appropriate to comment on how our plan operates in it.

#### Minority

Three districts, numbers 10, 11, and 12, contain more than 65% black residents. Coupled together into a Senate district, our plan serves the constitutional mandate of not diluting minority voting strength.

District 15 of our plan contains Wards 222, 223, 224, 225, 226, 227, 228, 229 and 230, the wards of the city (and state for that matter) that have the largest concentrations of Hispanic citizens. Thus, the objectives discussed previously on pages 11 and 12 of this decision are served.

#### Intact Communities

The City of Wauwatosa, with 51,308 residents, and the City of West Allis, with a population of 63,982, join the City of Milwaukee in being communities within Milwaukee County having populations above the ideal norm for one district. Our plan, however, serves their "community of interest" by creating one district for each that contains only residents of either West Allis or Wauwatosa. In so doing, District 16,

with 47,618 residents of West Allis, contains 74.4% of the city's total population. District 67, which contains 47,198 of Wauwatosa's 51,308 people, holds 91.9% of its residents.

The City of Milwaukee, with 636,210 people, could contain 13 districts full of only city residents. As an intervenor in this suit, the city has argued that it should not be cut up into split districts as it is at present, and that other plans, notably the Democrats, only give it nine full districts. Our plan gives the City of Milwaukee 10 full districts and 5 split districts. In three of the split districts, the city versus non-city ratios is 44,131 to 3,535 (District 17), 44,000 to 3,667 (District 14), and 37,473 to 10,042 (District 1). With the city having 125,604 residents (87.9% of the total) of the total population of 142,848 in these districts we believe our plan to be sufficiently sensitive to the concerns of the state's largest city.[4]

Of the sixteen communities of less than 47,531 in Milwaukee County, our plan keeps thirteen intact. The intact communities are Brown Deer, West Milwaukee, Shorewood, Whitefish Bay, Fox Point, Bayside (including the portion of Bayside in Ozaukee County), River Hills, St. Francis, South Milwaukee, Cudahy, Franklin, Hales Corners and Greenfield. The three split communities are Oak Creek (split 6,801 in one district and 10,131 in another), Greendale (13,504 in one district, 3,424 in another), and Glendale (9,446 in one district, 4,436 in another).

In addition to our treatment of Wauwatosa and West Allis, and our grouping of blacks and Hispanics, we believe our plan honors various "communities of interest" by keeping together pockets of interest like the north shore suburbs, the east side of Milwaukee, and the cities of Cudahy-South Milwaukee.

### Incumbent Residency

In our order of April 23, 1982 we reviewed some of the options available to us, including the option of drafting our own plan and stated: "In judicially enacting any plan, incumbent residency will not be a consideration of this court." We have been faithful to that pledge. At no time in the drafting of this plan did we consider where any incumbent legislator resides or whether our plan would inure to the political benefit of any one person or party.

While our plan has been drafted without incumbency considerations, we were mindful of the fact that the fall elections only call for the election of Senators presently holding odd numbered Senate seats. Consequently, the residents of Wisconsin presently living in even numbered Senate districts will not be electing Senators under our plan until 1984. To minimize the number of people affected by our plan as it relates to Senate districts, we have tried, as much as possible consistent with the principle of one person, one vote, to use even numbers for the Senate districts in our plan that roughly correspond to areas assigned to even numbered districts in the 1972 act.

Because all ninety-nine members of the state Assembly will be selected under this plan, we saw no reason to adhere to any numbering system for Assembly districts that related to the 1972 law.

### Conclusion

The drafting of our plan required an enormous effort[5]. It was done without the use of a computer, and some of the data submitted to us was, in some ways, inaccurate. The certifications of population pockets were occasionally changed, and even the final state population was adjusted again

---

4. The remaining city of Milwaukee split districts are number 6, with 25,142 city residents to 22,367 non-city, and number 68, where 9,664 city residents join residents of Waukesha County in forming a district.

5. We wish to note that two of our law clerks, Thomas R. Streifender, Case-Western Reserve University, A.B., 1970; Marquette University Law School, J.D., 1980; and William F. Brown, University of Wisconsin, B.A., 1977; Harvard University Law School, J.D., 1980, have worked closely with us on this project, and that

on May 24, 1982[6]. Some minor changes could not be incorporated into our plan. For example, on May 26, 1982 we were advised by the Legislative Reference Bureau that the City of St. Francis was incorrectly listed in previously submitted data as having 10,066 people when it actually had 24 people less. The 24 people lost to St. Francis were actually residents of the city of Milwaukee, thus raising its stated population from 636,210 to 636,234. We were not told the ward(s) of Milwaukee that contained the newly found 24.

We have tried to be as accurate as possible in drafting our plan. For the reasons stated above, and due to the enormity of the task, however, we recognize the possibility that arithmetic and/or inclusion-exclusion error could slip into the final product. For this reason we request that Dr. H. Rupert Theobald[7], Chief of the Wisconsin Legislative Reference Bureau, review our plan as soon as possible and advise us if any corrections are necessary.

For the foregoing reasons the court issues the following orders:

1. The appended judicial plan of reapportionment be effective for the 1982 legislative elections and thereafter until such time as a valid constitutional redistricting plan is enacted into law.

2. The injunction issued on February 22, 1982 is dissolved.

3. All deadlines, relating to such matters as notice of elections, and the circulating and filing of nomination papers for

the full election are relaxed to the extent necessary to permit the elections to take place as scheduled. The defendant Elections Board, if necessary, may set new dates that are not inconsistent with the purpose of this order, to wit: the election of legislators in the fall.

## APPENDIX

### THE 1982 FEDERAL COURT REAPPORTIONMENT PLAN FOR THE STATE OF WISCONSIN

The Plan includes:

A Population List of the 99 Assembly Districts

A Population List of the 33 Senate Districts

A Listing, by Assembly Districts, of the Component Parts of Each District

Assembly Districts

| Assembly District | Population | Deviation from Norm | |
|---|---|---|---|
| | | People | Percentage |
| 1 | 47,515 | −16 | −.03% |
| 2 | 47,339 | −192 | −.40% |
| 3 | 47,417 | −114 | −.24% |
| 4 | 47,854 | +323 | +.68% |
| 5 | 47,708 | +177 | +.37% |
| 6 | 47,509 | −22 | −.05% |
| 7 | 47,814 | +283 | +.60% |
| 8 | 47,504 | −27 | −.06% |
| 9 | 47,522 | −9 | −.02% |
| 10 | 47,389 | −142 | −.30% |
| 11 | 47,707 | +176 | +.37% |
| 12 | 47,861 | +330 | +.69% |
| 13 | 47,612 | +81 | +.17% |
| 14 | 47,667 | +136 | +.29% |

their contributions to our efforts have been considerable.

6. On March 23, 1981, the state's population was certified as 4,705,335. That figure was changed on November 16, 1981 to 4,705,767. The May 24, 1982 correction changed the population to the figure used in our plan, 4,705,521.

7. In a letter dated May 13, 1982, Judge Evans asked counsel for the Republican and Democratic parties to authorize Dr. Theobald to provide the court with technical assistance if it so desired. On May 17, 1982, Judge Evans received a letter signed by Assembly Speaker Ed Jackamonis, Senate President Fred Risser and minority party leaders State Representative Tommy Thompson and Senator Walter Chilsen granting the request. The letter from the party

leaders, however, stated that Dr. Theobald and his staff, who are dependent on the legislature for such things as pay and budget, recognized that no plan could please every member of the legislature, and that they wished that steps be taken to avoid the appearance that they in any way influenced the courts' decision. To avoid any appearance of influence, the party leaders suggested that a written record be made of any contacts between the court and the Bureau. Because we believed that working with this condition would not be in the courts' interest, we declined to call upon Dr. Theobald or his staff for any technical assistance although the court did call the Bureau approximately eight times to obtain additional maps and census data or to verify conflicting statistical data.

## Assembly Districts

| Assembly District | Population | Deviation from Norm People | Percentage |
|---|---|---|---|
| 15 | 47,200 | −331 | −.70% |
| 16 | 47,618 | +87 | +.18% |
| 17 | 47,666 | +135 | +.28% |
| 18 | 47,588 | +57 | +.12% |
| 19 | 47,731 | +200 | +.42% |
| 20 | 47,565 | +34 | +.07% |
| 21 | 47,525 | −6 | −.01% |
| 22 | 47,232 | −299 | −.63% |
| 23 | 47,135 | −396 | −.83% |
| 24 | 47,263 | −268 | −.56% |
| 25 | 47,143 | −388 | −.82% |
| 26 | 47,119 | −412 | −.87% |
| 27 | 47,254 | −277 | −.58% |
| 28 | 47,616 | +85 | +.18% |
| 29 | 47,796 | +265 | +.56% |
| 30 | 47,530 | −1 | .00% |
| 31 | 47,586 | +55 | +.11% |
| 32 | 47,841 | +310 | +.65% |
| 33 | 47,783 | +252 | +.53% |
| 34 | 47,459 | −72 | −.15% |
| 35 | 47,893 | +362 | +.76% |
| 36 | 47,601 | +70 | +.15% |
| 37 | 47,680 | +149 | +.31% |
| 38 | 47,698 | +167 | +.35% |
| 39 | 47,621 | +90 | +.19% |
| 40 | 47,778 | +247 | +.52% |
| 41 | 47,818 | +287 | +.60% |
| 42 | 47,354 | −177 | −.37% |
| 43 | 47,944 | +413 | +.87% |
| 44 | 47,678 | +147 | +.31% |
| 45 | 47,609 | +78 | +.16% |
| 46 | 47,751 | +220 | +.46% |
| 47 | 47,533 | +2 | .00% |
| 48 | 47,274 | −257 | −.54% |
| 49 | 47,376 | −155 | −.33% |
| 50 | 47,223 | −308 | −.65% |
| 51 | 47,580 | +49 | +.10% |
| 52 | 47,656 | +125 | +.26% |
| 53 | 47,852 | +321 | +.68% |
| 54 | 47,180 | −351 | −.74% |
| 55 | 47,218 | −313 | −.66% |
| 56 | 47,685 | +154 | +.32% |
| 57 | 47,691 | +160 | +.34% |
| 58 | 47,464 | −67 | −.14% |
| 59 | 47,302 | −229 | −.48% |
| 60 | 47,884 | +353 | +.74% |
| 61 | 47,233 | −298 | −.63% |
| 62 | 47,801 | +270 | +.57% |
| 63 | 47,186 | −345 | −.73% |
| 64 | 47,611 | +80 | +.17% |
| 65 | 47,517 | −14 | −.03% |
| 66 | 47,125 | −406 | −.85% |
| 67 | 47,198 | −333 | −.70% |
| 68 | 47,471 | −60 | −.12% |

## Assembly Districts

| Assembly District | Population | Deviation from Norm People | Percentage |
|---|---|---|---|
| 69 | 47,292 | −239 | −.50% |
| 70 | 47,133 | −398 | −.84% |
| 71 | 47,145 | −386 | −.81% |
| 72 | 47,463 | −68 | −.14% |
| 73 | 47,603 | +72 | +.15% |
| 74 | 47,363 | −168 | −.35% |
| 75 | 47,735 | +204 | +.43% |
| 76 | 47,327 | −204 | −.43% |
| 77 | 47,521 | −10 | −.02% |
| 78 | 47,921 | +390 | +.82% |
| 79 | 47,788 | +257 | +.54% |
| 80 | 47,606 | +75 | +.16% |
| 81 | 47,296 | −235 | −.49% |
| 82 | 47,522 | −9 | −.02% |
| 83 | 47,543 | +12 | +.03% |
| 84 | 47,767 | +236 | +.50% |
| 85 | 47,704 | +173 | +.36% |
| 86 | 47,171 | −360 | −.75% |
| 87 | 47,555 | +24 | +.05% |
| 88 | 47,656 | +125 | +.26% |
| 89 | 47,829 | +298 | +.63% |
| 90 | 47,750 | +219 | +.46% |
| 91 | 47,244 | −287 | −.60% |
| 92 | 47,560 | +29 | +.06% |
| 93 | 47,629 | +98 | +.21% |
| 94 | 47,560 | +29 | +.06% |
| 95 | 47,339 | −192 | −.40% |
| 96 | 47,287 | −244 | −.51% |
| 97 | 47,852 | +321 | +.68% |
| 98 | 47,389 | −142 | −.30% |
| 99 | 47,482 | −49 | −.10% |

## Senate Districts

NOTE: SENATE DISTRICTS SHALL BE REFERRED TO AS "SD" AND ASSEMBLY DISTRICTS AS "AD". AFTER LISTING THE TOTAL FOR EACH SENATE DISTRICT, THE NEXT NUMBER WILL INDICATE THE NUMBER OF PEOPLE BY WHICH THE DISTRICT DEVIATES FROM THE IDEAL SENATE DISTRICT SIZE OF 142,591. THE NEXT NUMBER WILL INDICATE THE PERCENTAGE OF DEVIATION.

SD 1:

| | | | |
|---|---|---|---|
| AD 1 | 47,515 | | |
| AD 2 | 47,339 | | |
| AD 3 | 47,417 | | |
| | 142,271 | −320 | −.22% |

SD 2:

| | | | |
|---|---|---|---|
| AD 4 | 47,854 | | |
| AD 5 | 47,708 | | |
| AD 6 | 47,509 | | |
| | 143,071 | +480 | +.34% |

Senate Districts

Senate Districts

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **SD 3** | | | | | **SD 14** | | | | |
| | AD 7 | 47,814 | | | | AD 40 | 47,778 | | |
| | AD 8 | 47,504 | | | | AD 41 | 47,818 | | |
| | AD 9 | 47,522 | | | | AD 42 | 47,354 | | |
| | | 142,840 | +249 | +.17% | | | 142,950 | +359 | +.25% |
| **SD 4** | | | | | **SD 15** | | | | |
| | AD 10 | 47,389 | | | | AD 43 | 47,944 | | |
| | AD 11 | 47,707 | | | | AD 44 | 47,678 | | |
| | AD 12 | 47,861 | | | | AD 45 | 47,609 | | |
| | | 142,957 | +366 | +.26% | | | 143,231 | +640 | +.45% |
| **SD 5** | | | | | **SD 16** | | | | |
| | AD 13 | 47,612 | | | | AD 46 | 47,751 | | |
| | AD 14 | 47,667 | | | | AD 47 | 47,533 | | |
| | AD 15 | 47,200 | | | | AD 48 | 47,274 | | |
| | | 142,479 | −112 | −.08% | | | 142,558 | −33 | −.02% |
| **SD 6** | | | | | **SD 17** | | | | |
| | AD 16 | 47,618 | | | | AD 49 | 47,376 | | |
| | AD 17 | 47,666 | | | | AD 50 | 47,223 | | |
| | AD 18 | 47,588 | | | | AD 51 | 47,580 | | |
| | | 142,872 | +281 | +.20% | | | 142,179 | −412 | −.29% |
| **SD 7** | | | | | **SD 18** | | | | |
| | AD 19 | 47,731 | | | | AD 52 | 47,656 | | |
| | AD 20 | 47,565 | | | | AD 53 | 47,852 | | |
| | AD 21 | 47,525 | | | | AD 54 | 47,180 | | |
| | | 142,821 | +230 | +.16% | | | 142,688 | +97 | +.07% |
| **SD 8** | | | | | **SD 19** | | | | |
| | AD 22 | 47,232 | | | | AD 55 | 47,218 | | |
| | AD 23 | 47,135 | | | | AD 56 | 47,685 | | |
| | AD 24 | 47,263 | | | | AD 57 | 47,691 | | |
| | | 141,630 | −961 | −.67% | | | 142,594 | +3 | +0% |
| **SD 9** | | | | | **SD 20** | | | | |
| | AD 25 | 47,143 | | | | AD 58 | 47,464 | | |
| | AD 26 | 47,119 | | | | AD 59 | 47,302 | | |
| | AD 27 | 47,254 | | | | AD 60 | 47,884 | | |
| | | 141,516 | −1075 | −.75% | | | 142,650 | +59 | +.04% |
| **SD 10** | | | | | **SD 21** | | | | |
| | AD 28 | 47,616 | | | | AD 61 | 47,233 | | |
| | AD 29 | 47,796 | | | | AD 62 | 47,801 | | |
| | AD 30 | 47,530 | | | | AD 63 | 47,186 | | |
| | | 142,942 | +351 | +.25% | | | 142,220 | −371 | −.26% |
| **SD 11** | | | | | **SD 22** | | | | |
| | AD 31 | 47,586 | | | | AD 64 | 47,611 | | |
| | AD 32 | 47,841 | | | | AD 65 | 47,517 | | |
| | AD 33 | 47,788 | | | | AD 66 | 47,125 | | |
| | | 143,210 | +619 | +.43% | | | 142,253 | −338 | −.24% |
| **SD 12** | | | | | **SD 23** | | | | |
| | AD 34 | 47,459 | | | | AD 67 | 47,198 | | |
| | AD 35 | 47,893 | | | | AD 68 | 47,471 | | |
| | AD 36 | 47,601 | | | | AD 69 | 47,292 | | |
| | | 142,953 | +362 | +.25% | | | 141,961 | −630 | −.44% |
| **SD 13** | | | | | **SD 24** | | | | |
| | AD 37 | 47,680 | | | | AD 70 | 47,133 | | |
| | AD 38 | 47,698 | | | | AD 71 | 47,145 | | |
| | AD 39 | 47,621 | | | | AD 72 | 47,463 | | |
| | | 142,999 | +408 | +.28% | | | 141,741 | −850 | −.60% |

SD 25

| | | | |
|---|---|---|---|
| AD 73 | 47,603 | | |
| AD 74 | 47,363 | | |
| AD 75 | 47,735 | | |
| | 142,701 | +110 | +.08% |

SD 26

| | | | |
|---|---|---|---|
| AD 76 | 47,327 | | |
| AD 77 | 47,521 | | |
| AD 78 | 47,921 | | |
| | 142,769 | +178 | +.12% |

SD 27

| | | | |
|---|---|---|---|
| AD 79 | 47,788 | | |
| AD 80 | 47,606 | | |
| AD 81 | 47,296 | | |
| | 142,690 | +99 | +.07% |

SD 28

| | | | |
|---|---|---|---|
| AD 82 | 47,522 | | |
| AD 83 | 47,543 | | |
| AD 84 | 47,767 | | |
| | 142,832 | +241 | +.17% |

SD 29

| | | | |
|---|---|---|---|
| AD 85 | 47,704 | | |
| AD 86 | 47,171 | | |
| AD 87 | 47,555 | | |
| | 142,430 | −161 | −.11% |

SD 30

| | | | |
|---|---|---|---|
| AD 88 | 47,656 | | |
| AD 89 | 47,829 | | |
| AD 90 | 47,750 | | |
| | 143,235 | +644 | +.45% |

SD 31

| | | | |
|---|---|---|---|
| AD 91 | 47,244 | | |
| AD 92 | 47,560 | | |
| AD 93 | 47,629 | | |
| | 142,433 | −158 | −.11% |

SD 32

| | | | |
|---|---|---|---|
| AD 94 | 47,560 | | |
| AD 95 | 47,339 | | |
| AD 96 | 47,287 | | |
| | 142,186 | −405 | −.28% |

SD 33

| | | | |
|---|---|---|---|
| AD 97 | 47,852 | | |
| AD 98 | 47,389 | | |
| AD 99 | 47,482 | | |
| | 142,723 | +132 | +.09% |

*Assembly Districts*

### FIRST ASSEMBLY DISTRICT

Milwaukee County:

City of St. Francis

City of Milwaukee, wards 234, 260, 261, 263–278, and 280

### SECOND ASSEMBLY DISTRICT

Milwaukee County:

City of Milwaukee, wards 205, 206, 240–259, 279, and 281

### THIRD ASSEMBLY DISTRICT

Milwaukee County:

City of South Milwaukee

City of Cudahy

City of Oak Creek, wards 2, 6, 7, 9, 10, 11, and 12

### FOURTH ASSEMBLY DISTRICT

Milwaukee County:

City of Milwaukee, wards 40–65

### FIFTH ASSEMBLY DISTRICT

Milwaukee County:

Village of Shorewood

Village of Whitefish Bay

Village of Fox Point

Village of Bayside

Village of River Hills

City of Glendale, wards 3, 4, 8, and 9

Ozaukee County:

Village of Bayside

### SIXTH ASSEMBLY DISTRICT

Milwaukee County:

Village of Brown Deer

City of Glendale, wards 1, 2, 5, 6, 7, 10, 11, and 12

City of Milwaukee, wards 163–169, 171, 172, 173, 178, and 179

### SEVENTH ASSEMBLY DISTRICT

Milwaukee County:

City of Milwaukee, wards 80–83, 85, 170, 174–177, 282–295, 299, and 300

Washington County:

City of Milwaukee, 2 people from ward 285

### EIGHTH ASSEMBLY DISTRICT

Milwaukee County:

City of Milwaukee, wards 19, 20, 21, 25, 26, 27, 28, 31–39, 84, 86–89, 126, 127, 180–182

### NINTH ASSEMBLY DISTRICT

Milwaukee County:

City of Milwaukee, wards 90–104, 123–125, 129, 130, 133–135, 139, 141, 142, 309, 310

## TENTH ASSEMBLY DISTRICT

Milwaukee County:
City of Milwaukee, wards 1–3, 22–24, 29, 30, 122, 128, 131, 136, 183, 184, 185, and 187–193

## ELEVENTH ASSEMBLY DISTRICT

Milwaukee County:
City of Milwaukee, wards 4–15, 105–112, and 186

## TWELFTH ASSEMBLY DISTRICT

Milwaukee County:
City of Milwaukee, wards 16–18, 67, 68, 113–121, 194–199, and 303

## THIRTEENTH ASSEMBLY DISTRICT

Milwaukee County:
City of Milwaukee, wards 66, 69–77, 132, 137, 138, 140, 304–308, 311–313

## FOURTEENTH ASSEMBLY DISTRICT

Milwaukee County:
City of Milwaukee, wards 78, 79, 143–150, 154, 155, 158, and 314–324
City of West Allis, wards 16 and 17

## FIFTEENTH ASSEMBLY DISTRICT

Milwaukee County:
City of Milwaukee, wards 151–153, 156, 221–233, 235–239, and 262

## SIXTEENTH ASSEMBLY DISTRICT

Milwaukee County:
City of West Allis, wards 1–15, 19–27, and 34

## SEVENTEENTH ASSEMBLY DISTRICT

Milwaukee County:
City of Milwaukee, wards 157, 159–162, 200–204, and 207–220
City of West Milwaukee

## EIGHTEENTH ASSEMBLY DISTRICT

Milwaukee County:
City of Greenfield
Village of Greendale, wards 7, 9
City of West Allis, wards 18, and 28–33

## NINETEENTH ASSEMBLY DISTRICT

Racine County:
City of Racine, wards 2–4, 6, 17–22, 24–28
Town of Mount Pleasant, wards 1, 4–6
Village of Elmwood Park

## TWENTIETH ASSEMBLY DISTRICT

Racine County:
City of Racine, wards 1, 5, 7–16, 23, 29–32
Village of North Bay
Village of Wind Point

## TWENTY–FIRST ASSEMBLY DISTRICT

Racine County:
Town of Caledonia
Town of Mount Pleasant, wards 2–3, 7–12
Town of Raymond
Town of Yorkville
Village of Union Grove
City of Sturtevant

## TWENTY–SECOND ASSEMBLY DISTRICT

Kenosha County:
Town of Brighton
Town of Bristol
Town of Paris
Town of Pleasant Prairie, wards 5, 8, 9
Town of Randall
Town of Salem
Town of Wheatland
Village of Paddock Lake
Village of Silver Lake
Village of Twin Lakes
Racine County:
Town of Burlington
City of Burlington
Walworth County:
Town of Bloomfield
Village of Genoa City

## TWENTY–THIRD ASSEMBLY DISTRICT

Kenosha County:
  Town of Pleasant Prairie, wards 1–4, 6, 7
  City of Kenosha, wards 4–6, 14–18, 24–30, 33, 34

## TWENTY–FOURTH ASSEMBLY DISTRICT

Kenosha County:
  Town of Somers
  City of Kenosha, wards 1–3, 7–13, 19–23, 31, 32

## TWENTY–FIFTH ASSEMBLY DISTRICT

Rock County:
  Town of Beloit
  Town of Janesville
  Town of Rock
  City of Beloit, wards 1–11, 13–15, 19
  City of Janesville, wards 11–13

## TWENTY–SIXTH ASSEMBLY DISTRICT

Rock County:
  Town of Bradford
  Town of Clinton
  Town of La Prairie
  Town of Turtle
  Village of Clinton
  City of Beloit, wards 12, 16–18, 20–22
  City of Janesville, wards 1–10, 20, 21

## TWENTY–SEVENTH ASSEMBLY DISTRICT

Walworth County:
  All of Walworth County except:
    Town of Bloomfield
    Town of East Troy
    Town of LaGrange
    Town of Spring Prairie
    Town of Whitewater
    Village of East Troy
    Village of Genoa City
    City of Whitewater

## TWENTY–EIGHTH ASSEMBLY DISTRICT

Milwaukee County:

Village of Greendale, except wards 7 and 9
Village of Hales Corners
City of Franklin
City of Oak Creek, wards 1, 3, 4, 5, 8, 13, 14, 15, 16, and 17

## TWENTY–NINTH ASSEMBLY DISTRICT

Racine County:
  Town of Dover
  Town of Norway
  Town of Rochester
  Town of Waterford
  Village of Rochester
  Village of Waterford
Walworth County:
  Town of East Troy
  Town of Spring Prairie
  Village of East Troy
Waukesha County:
  Town of Vernon
  City of Muskego
  City of New Berlin, ward 21

## THIRTIETH ASSEMBLY DISTRICT

Waukesha County:
  Town of Brookfield
  City of Brookfield, wards 7, 10–13, 16, 18–20
  City of New Berlin, except ward 21

## THIRTY–FIRST ASSEMBLY DISTRICT

Dodge County:
  City of Watertown
Jefferson County:
  Town of Aztalan
  Town of Concord
  Town of Farmington
  Town of Ixonia
  Town of Jefferson
  Town of Lake Mills
  Town of Milford
  Town of Waterloo
  Town of Watertown
  Village of Johnson Creek
  Village of Sullivan

City of Jefferson
City of Lake Mills
City of Waterloo
City of Watertown

## THIRTY–SECOND ASSEMBLY DISTRICT

Jefferson County:
  Town of Cold Spring
  Town of Hebron
  Town of Koshkonong
  Town of Oakland
  Town of Sumner
  City of Fort Atkinson
  City of Whitewater
Rock County:
  Town of Harmony
  Town of Johnstown
  Town of Lima
  City of Janesville, wards 14–19
Walworth County:
  City of Whitewater

## THIRTY–THIRD ASSEMBLY DISTRICT

Dodge County:
  Town of Beaver Dam
  Town of Burnette
  Town of Calamus
  Town of Chester
  Town of Clyman
  Town of Elba
  Town of Emmet
  Town of Fox Lake
  Town of Hustisford
  Town of Lebanon
  Town of Leroy
  Town of Lowell
  Town of Oak Grove
  Town of Portland
  Town of Shields
  Town of Trenton
  Village of Clyman
  Village of Hustisford
  Village of Lowell
  Village of Reeseville
  City of Beaver Dam
  City of Fox Lake

City of Juneau
City of Waupun
Fond du Lac County:
  City of Waupun

## THIRTY–FOURTH ASSEMBLY DISTRICT

LaCrosse County:
  Town of Medary
  City of LaCrosse except ward 18

## THIRTY–FIFTH ASSEMBLY DISTRICT

LaCrosse County:
  LaCrosse County except:
    Town of Medary
    City of LaCrosse, wards 1–17
Monroe County:
  Town of Leon
  Town of Little Falls
  Town of Sparta

## THIRTY–SIXTH ASSEMBLY DISTRICT

Crawford County
Vernon County
Grant County:
  Town of Boscobel
  Town of Marion
  Town of Millville
  Town of Mount Hope
  Town of Woodman
  Town of Wyalusing
  Village of Bagley
  Village of Mount Hope
  Village of Woodman
  City of Boscobel

## THIRTY–SEVENTH ASSEMBLY DISTRICT

Green County:
  Green County except:
    Town of Brooklyn
    Town of Exeter
    Town of New Glarus
    Town of York
    Village of Belleville
    Village of Brooklyn
    Village of New Glarus
Rock County:

Town of Avon
Town of Center
Town of Fulton
Town of Magnolia
Town of Milton
Town of Newark
Town of Plymouth
Town of Porter
Town of Spring Valley
Village of Footville
Village of Orfordville
City of Edgerton
City of Milton

### THIRTY–EIGHTH ASSEMBLY DISTRICT

Iowa County

Lafayette County

Sauk County:
Town of Franklin
Town of Prairie du Sac
Town of Spring Green
Town of Troy
Village of Plain
Village of Prairie du Sac
Village of Sauk City
Village of Spring Green

### THIRTY–NINTH ASSEMBLY DISTRICT

Grant County:
All of Grant County except for that portion in Assembly District Thirty-six

Richland County:
Town of Eagle
Town of Richwood

### FORTIETH ASSEMBLY DISTRICT

Pierce County

St. Croix County:
Town of Hudson
Town of Kinnickinnic
Town of Pleasant Valley
Town of Troy
Town of Warren
Village of North Hudson
Village of Roberts
City of Hudson

City of River Falls (that part located in St. Croix County)

### FORTY–FIRST ASSEMBLY DISTRICT

Dunn County:
Town of Eau Galle
Town of Hay River
Town of Knapp
Town of Lucas
Town of Menomonie
Town of New Haven
Town of Otter Creek
Town of Sheridan
Town of Sherman
Town of Stanton
Town of Tiffany
Town of Weston
Town of Wilson
Village of Boyceville
Village of Downing
Village of Ridgeland
Village of Wheeler
City of Menomonie

St. Croix County:
Town of Baldwin
Town of Cady
Town of Eau Galle
Town of Emerald
Town of Erin Prairie
Town of Glenwood
Town of Hammond
Town of Richmond
Town of Rush River
Town of St. Joseph
Town of Somerset
Town of Springfield
Town of Star Prairie
Village of Baldwin
Village of Hammond
Village of Somerset
Village of Star Prairie
Village of Wilson
Village of Woodville
City of Glenwood
City of New Richmond

**FORTY–SECOND ASSEMBLY DISTRICT**

Burnett County

Polk County

St. Croix County:
   Town of Cylon
   Town of Forest
   Town of Stanton
   Village of Deer Park

**FORTY–THIRD ASSEMBLY DISTRICT**

Buffalo County

Pepin County

Trempealeau County

**FORTY–FOURTH ASSEMBLY DISTRICT**

Eau Claire County:
   Town of Bridge Creek
   Town of Brunswick
   Town of Clear Creek
   Town of Drammen
   Town of Fairchild
   Town of Lincoln
   Town of Otter Creek
   Town of Pleasant Valley
   Town of Washington
   Village of Augusta
   Village of Fairchild
   Village of Fall Creek
   City of Altoona
   City of Eau Claire, wards 2–5, 13, 15, 17–20

**FORTY–FIFTH ASSEMBLY DISTRICT**

Jackson County

Monroe County:
   Monroe County except that portion within Assembly District Thirty-five

**FORTY–SIXTH ASSEMBLY DISTRICT**

Oneida County

Vilas County

**FORTY–SEVENTH ASSEMBLY DISTRICT**

Price County

Rusk County

Barron County:

Town of Chetek
City of Chetek

Taylor County:
   Town of Browning
   Town of Chelsea
   Town of Cleveland
   Town of Goodrich
   Town of Greenwood
   Town of Grover
   Town of Hammel
   Town of Jump River
   Town of McKinley
   Town of Medford
   Town of Molitor
   Town of Pershing
   Town of Rib Lake
   Town of Westboro
   Village of Rib Lake
   City of Medford

**FORTY–EIGHTH ASSEMBLY DISTRICT**

Florence County

Forest County

Menominee County

Langlade County:
   Town of Ainsworth
   Town of Evergreen
   Town of Langlade
   Town of Norwood
   Town of Polar
   Town of Price
   Town of Rolling
   Town of Wolf River
   Village of White Lake

Marathon County:
   Town of Harrison
   Town of Plover

Marinette County:
   Town of Amberg
   Town of Athelstane
   Town of Beecher
   Town of Dunbar
   Town of Goodman
   Town of Niagara
   Town of Pembine

Town of Silver Cliff
Town of Wausaukee
Village of Niagara
Village of Wausaukee
Oconto County:
  Town of Armstrong
  Town of Breed
  Town of Doty
  Town of How
  Town of Lakewood
  Town of Riverview
  Town of Townsend
Shawano County:
  Town of Almon
  Town of Aniwa
  Town of Bartelme
  Town of Birnamwood
  Town of Fairbanks
  Town of Germania
  Town of Grant
  Town of Gresham
  Town of Herman
  Town of Hutchins
  Town of Morris
  Town of Red Springs
  Town of Seneca
  Town of Tigerton
  Town of Wittenberg
  Village of Aniwa
  Village of Birnamwood
  Village of Bowler
  Village of Eland
  Village of Mattoon
  Village of Wittenberg

## FORTY–NINTH ASSEMBLY DISTRICT

Douglas County
Bayfield County:
  Town of Barnes
  Town of Hughes
  Town of Iron River
  Town of Orienta
  Town of Oulu
  Town of Port Wing

## FIFTIETH ASSEMBLY DISTRICT

Ashland County

Iron County
Sawyer County
Bayfield County:
  All of Bayfield County except
    Town of Barnes
    Town of Hughes
    Town of Iron River
    Town of Orienta
    Town of Oulu
    Town of Port Wing

## FIFTY–FIRST ASSEMBLY DISTRICT

Washburn County
Barron County:
  All of Barron County except
    Town of Chetek
    Town of Dovre
    Town of Sioux Creek
    Village of New Auburn (that part located in Barron County)
    City of Chetek

## FIFTY–SECOND ASSEMBLY DISTRICT

Marinette County:
  Town of Beaver
  Town of Grover
  Town of Lake
  Town of Middle Inlet
  Town of Peshtigo
  Town of Porterfield
  Town of Pound
  Town of Stephenson
  Town of Wagner
  Village of Coleman
  Village of Crivitz
  Village of Pound
  City of Marinette
  City of Peshtigo
Oconto County:
  Town of Abrams
  Town of Bagley
  Town of Brazeau
  Town of Lena
  Town of Little River
  Town of Little Suamico
  Town of Maple Valley
  Town of Oconto

Town of Pensaukee
Town of Spruce
Town of Stiles
Village of Lena
Village of Suring
City of Oconto

## FIFTY–THIRD ASSEMBLY DISTRICT

Brown County:
Town of Pittsfield
Town of Suamico
Village of Howard
Village of Pulaski
City of Green Bay, wards 7–12, 21, 25, 27–35

## FIFTY–FOURTH ASSEMBLY DISTRICT

Oconto County:
Town of Chase
Town of Gillett
Town of Morgan
Town of Oconto Falls
Town of Underhill
City of Gillett
City of Oconto Falls

Outagamie County:
Town of Black Creek
Town of Center
Town of Cicero
Town of Maine
Town of Oneida
Town of Osborn
Town of Seymour
Village of Black Creek
Village of Nichols
City of Seymour

Shawano County:
Town of Angelica
Town of Belle Plaine
Town of Bonduel
Town of Green Valley
Town of Hartland
Town of Lessor
Town of Maple Grove
Town of Navarino
Town of Pella
Town of Richmond

Town of Washington
Town of Waukechon
Town of Wescott
Village of Cecil
City of Shawano

## FIFTY–FIFTH ASSEMBLY DISTRICT

Barron County:
Town of Dovre
Town of Sioux Creek
Village of New Auburn (that part located in Barron County)

Chippewa County:
Town of Auburn
Town of Birch Creek
Town of Bloomer
Town of Cleveland
Town of Cooks Valley
Town of Eagle Point
Town of Estella
Town of Hallie
Town of Howard
Town of Lake Holcombe
Town of Ruby
Town of Sampson
Town of Tilden
Town of Wheaton
Town of Woodmohr
Village of New Auburn (that part located in Chippewa County)
City of Bloomer
City of Chippewa Falls
City of Cornell

Dunn County:
Town of Colfax
Town of Dunn
Town of Elk Mound
Town of Grant
Town of Peru
Town of Red Cedar
Town of Rock Creek
Town of Sand Creek
Town of Spring Brook
Town of Tainter
Village of Colfax
Village of Elk Mound

## FIFTY–SIXTH ASSEMBLY DISTRICT

Chippewa County:
  Town of Anson
  Town of Arthur
  Town of Colburn
  Town of Delmar
  Town of Edson
  Town of Goetz
  Town of Lafayette
  Town of Sigel
  Village of Boyd
  Village of Cadott
  City of Stanley
  City of Eau Claire (that part located in Chippewa County, ward 16)

Eau Claire County:
  Town of Ludington
  Town of Seymour
  Town of Union
  Town of Wilson
  City of Eau Claire, wards 1, 6–12, 14

## FIFTY–SEVENTH ASSEMBLY DISTRICT

Clark County

Marathon County:
  Town of Brighton
  Town of Eau Pleine
  Town of Holton
  Town of Hull
  Town of McMillan
  Town of Spencer
  Village of Spencer
  Village of Unity (that part located in Marathon County)
  City of Abbotsford (that part located in Marathon County)
  City of Colby (that part located in Marathon County)

Taylor County:
  Town of Aurora
  Town of Deer Creek
  Town of Ford
  Town of Holway
  Town of Little Black
  Town of Maplehurst
  Town of Roosevelt
  Town of Taft
  Village of Gilman
  Village of Lublin
  Village of Stetsonville

## FIFTY–EIGHTH ASSEMBLY DISTRICT

Portage County:
  Town of Alban
  Town of Amherst
  Town of Dewey
  Town of Hull
  Town of New Hope
  Town of Sharon
  Town of Stockton
  Village of Amherst
  Village of Amherst Junction
  Village of Nelsonville
  Village of Park Ridge
  Village of Rosholt
  Village of Whiting
  City of Stevens Point

Waupaca County:
  Town of Dupont
  Town of Harrison
  Town of Helvetia
  Town of Iola
  Town of St. Lawrence
  Town of Scandinavia
  Town of Union
  Town of Wyoming
  Village of Big Falls
  Village of Iola
  Village of Ogdensberg
  Village of Sandinavia
  City of Marion

## FIFTY–NINTH ASSEMBLY DISTRICT

Portage County:
  Town of Almond
  Town of Belmont
  Town of Buena Vista
  Town of Grant
  Town of Lanark
  Town of Linwood
  Town of Pine Grove
  Town of Plover
  Village of Almond

Village of Brokaw

Village of Plover

Waupaca County:

Town of Dayton

Town of Farmington

Wood County:

Town of Grand Rapids

Village of Biron

Village of Port Edwards

City of Wisconsin Rapids

## SIXTIETH ASSEMBLY DISTRICT

Marathon County:

City of Marshfield (that part located in Marathon County)

Portage County:

Town of Carson

Town of Eau Pleine

Village of Junction City

Village of Milladore (that part located in Portage County)

Wood County:

All of Wood County except:

Town of Grand Rapids

Village of Biron

Village of Port Edwards

City of Wisconsin Rapids

## SIXTY-FIRST ASSEMBLY DISTRICT

Lincoln County

Langlade County:

Town of Ackley

Town of Antigo

Town of Elcho

Town of Neva

Town of Parrish

Town of Peck

Town of Summit

Town of Upham

Town of Vilas

City of Antigo

Marathon County:

Town of Berlin

Town of Hamburg

Town of Hewitt

Town of Maine

Town of Texas

## SIXTY-SECOND ASSEMBLY DISTRICT

Marathon County:

Town of Bergen

Town of Bern

Town of Cassel

Town of Cleveland

Town of Day

Town of Emmet

Town of Frankfort

Town of Green Valley

Town of Halsey

Town of Johnson

Town of Marathon

Town of Mosinee

Town of Rib Falls

Town of Rib Mountain

Town of Rietbrock

Town of Stettin

Town of Wien

Village of Athens

Village of Edgar

Village of Fenwood

Village of Marathon City

Village of Stratford

City of Mosinee

City of Wausau, Wards 11–25

## SIXTY-THIRD ASSEMBLY DISTRICT

Marathon County:

Town of Bevent

Town of Easton

Town of Elderon

Town of Franzen

Town of Guenther

Town of Hatley

Town of Knowlton

Town of Kronenwetter

Town of Norrie

Town of Reid

Town of Ringle

Town of Wausau

Town of Weston

Village of Elderon

Village of Rothschild

City of Schofield

City of Wausau, Wards 1–10

## SIXTY–FOURTH ASSEMBLY DISTRICT

Jefferson County:
  Town of Palmyra
  Town of Sullivan
  Village of Palmyra
Walworth County:
  Town of LaGrange
  Town of Whitewater
Waukesha County:
  Town of Eagle
  Town of Mukwonago
  Town of Ottawa
  Town of Summit
  Town of Waukesha
  Village of Dousman
  Village of Eagle
  Village of Mukwonago
  City of Delafield
  City of Waukesha, Wards 24–27, 30, 31

## SIXTY–FIFTH ASSEMBLY DISTRICT

Waukesha County:
  Town of Pewaukee except Wards 1–3
  City of Waukesha except Wards 24–27, 30, 31

## SIXTY–SIXTH ASSEMBLY DISTRICT

Washington County:
  Town of Erin
Waukesha County:
  Town of Delafield
  Town of Genesee
  Town of Merton
  Town of Oconomowoc
  Town of Pewaukee, Ward 3
  Village of Chenequa
  Village of Hartland
  Village of Lac La Belle
  Village of Merton
  Village of Nashotah
  Village of North Prairie
  Village of Oconomowoc Lake
  Village of Wales
  City of Oconomowoc

## SIXTY–SEVENTH ASSEMBLY DISTRICT

Milwaukee County:
  City of Wauwatosa except Wards 9 and 21

## SIXTY–EIGHTH ASSEMBLY DISTRICT

Milwaukee County:
  City of Wauwatosa, Wards 9 and 21
  City of Milwaukee, Wards 296–298, 301, 302
Waukesha County:
  Village of Butler
  Village of Elm Grove
  Village of Menomonee Falls, Wards 14, 18, 20
  City of Brookfield, Wards 1–6, 8, 9, 14, 15, 17, 21–24

## SIXTY–NINTH ASSEMBLY DISTRICT

Washington County:
  Town of Richfield, Wards 1, 3–7, 13–15
Waukesha County:
  Town of Lannon
  Town of Lisbon
  Town of Pewaukee, Wards 1 and 2
  Village of Menomonee Falls except Wards 14, 18 and 20
  Village of Pewaukee
  Village of Sussex

## SEVENTIETH ASSEMBLY DISTRICT

Ozaukee County:
  Town of Cedarburg
  Village of Thiensville
  City of Cedarburg
  City of Grafton
  City of Mequon, Wards 2, 4–8, 12, 13
Washington County:
  Town of Germantown
  Town of Richfield, Wards 9, 11, 12
  Village of Germantown

## SEVENTY–FIRST ASSEMBLY DISTRICT

Ozaukee County:
  Town of Belgium

Town of Grafton
Town of Port Washington
Town of Saukville
Village of Belgium
Village of Saukville
City of Mequon, Wards 1, 3, 9–11, 14–16
City of Port Washington

Sheboygan County:
Town of Holland
Town of Lima
Town of Wilson
Village of Cedar Grove
Village of Oostburg
City of Sheboygan, Wards 7 and 8

## SEVENTY–SECOND ASSEMBLY DISTRICT

Ozaukee County:
Village of Newburg (part)

Washington County:
Town of Farmington
Town of Fredonia
Town of Jackson
Town of Polk
Town of Richfield, Wards 2, 8 and 10
Town of Trenton
Town of West Bend
Village of Fredonia
Village of Jackson
Village of Newburg (part)
Village of Slinger
City of West Bend

## SEVENTY–THIRD ASSEMBLY DISTRICT

Door County

Kewaunee County

Brown County:
Town of Green Bay
Town of Scott

## SEVENTY–FOURTH ASSEMBLY DISTRICT

Brown County:
Town of Eaton
Town of Humboldt
Town of Morrison

Town of New Denmark
Village of Denmark

Calumet County:
Town of Charleston
Town of Rantoul
Village of Hilbert
Village of Potter

Manitowoc County:
Town of Cato
Town of Cooperstown
Town of Eaton
Town of Franklin
Town of Gibson
Town of Kossuth
Town of Manitowoc Rapids
Town of Maple Grove
Town of Mishicot
Town of Rockland
Town of Two Creeks
Town of Two Rivers
Village of Francis Creek
Village of Kellnersville
Village of Maribel
Village of Mishicot
Village of Reedsville
Village of Valders
Village of Whitelaw
City of Two Rivers

## SEVENTY–FIFTH ASSEMBLY DISTRICT

Brown County:
Town of Allouez
Town of Bellevue
City of Green Bay, Wards 1–6, 13–20, 22

## SEVENTY–SIXTH ASSEMBLY DISTRICT

Calumet County:
City of Kiel (that part located in Calumet County)

Manitowoc County:
Town of Centerville
Town of Liberty
Town of Manitowoc
Town of Meeme
Town of Newton

Town of Schleswig
Village of Cleveland
Village of St. Nazianz
City of Manitowoc
City of Kiel (that part located in Manitowoc County)

Sheboygan County:
Town of Mosel

## SEVENTY–SEVENTH ASSEMBLY DISTRICT

Sheboygan County:
Town of Sheboygan
Village of Kohler
City of Sheboygan, Wards 1–6, 9–16

## SEVENTY–EIGHTH ASSEMBLY DISTRICT

Calumet County:
Town of New Holstein
City of New Holstein

Fond du Lac County:
Town of Calumet
Town of Marshfield
Town of Osceola
Town of Taycheeda
Village of Mt. Calvary
Village of St. Cloud

Sheboygan County:
Town of Greenbush
Town of Herman
Town of Lyndon
Town of Mitchell
Town of Plymouth
Town of Rhine
Town of Russell
Town of Scott
Town of Sheboygan Falls
Town of Sherman
Village of Adell
Village of Cascade
Village of Elkhart Lake
Village of Glenbeulah
Village of Howards Grove
Village of Random Lake
Village of Waldo
City of Plymouth

City of Sheboygan Falls

## SEVENTY–NINTH ASSEMBLY DISTRICT

Outagamie County:
Town of Grand Chute
City of Appleton, Wards 1, 3, 4, 6–8, 12, 14–19

## EIGHTIETH ASSEMBLY DISTRICT

Winnebago County:
Town of Clayton
Town of Menasha
Town of Winchester
Town of Winneconne
Village of Winneconne
City of Menasha
City of Neenah, Wards 1, 5, 7–10, 12, 14

## EIGHTY–FIRST ASSEMBLY DISTRICT

Winnebago County:
Town of Neenah
Town of Oshkosh
Town of Vinland
City of Neenah, Wards 2–4, 6, 11, 13, 15, 16
City of Oshkosh, Wards 29–34, 37, 41–43

## EIGHTY–SECOND ASSEMBLY DISTRICT

Calumet County:
Town of Brillion
Town of Brothertown
Town of Chilton
Town of Harrison
Town of Stockbridge
Town of Woodville
Village of Sherwood
Village of Stockbridge
City of Brillion
City of Chilton
City of Appleton (that part located in Calumet County—Wards 9, 13, 22, 23)

Outagamie County:
Town of Buchanan
Village of Combined Locks
Village of Kimberly

City of Appleton, Wards 2, 5, 10, 11, 20, 24

Winnebago County:
City of Appleton (that part located in Winnebago County—Ward 21)

## EIGHTY–THIRD ASSEMBLY DISTRICT

Brown County:
Town of DePere
Town of Glenmore
Town of Holland
Town of Lawrence
Town of Rockland
Town of Wrightstown
Village of Wrightstown
City of DePere (All of the city of DePere except Ward 9)

Outagamie County:
Town of Freedom
Town of Kaukauna
Town of Vandenbroek
Village of Little Chute
City of Kaukauna

## EIGHTY–FOURTH ASSEMBLY DISTRICT

Brown County:
Town of Hobart
Village of Ashwaubenon
City of DePere, Ward 9
City of Green Bay, Wards 23, 24, 26, 36–46

## EIGHTY–FIFTH ASSEMBLY DISTRICT

Outagamie County:
Town of Bovina
Town of Dale
Town of Deer Creek
Town of Ellington
Town of Greenville
Town of Hortonia
Town of Liberty
Town of Maple Creek
Village of Bear Creek
Village of Hortonville
Village of Shiocton
City of New London (that part located in Outagamie County)

Waupaca County:

Town of Bear Creek
Town of Caledonia
Town of Fremont
Town of Larrabee
Town of Lebanon
Town of Lind
Town of Little Wolf
Town of Matteson
Town of Mukwa
Town of Royalton
Town of Waupaca
Town of Weyauwega
Village of Embarrass
Village of Fremont
City of Clintonville
City of Manawa
City of Waupaca
City of Weyauwega
City of New London (that part located in Waupaca County)

Winnebago County:
Town of Poygan
Town of Wolf River

## EIGHTY–SIXTH ASSEMBLY DISTRICT

Green Lake County

Fond du Lac County:
Town of Alto
Town of Metomen
Town of Ripon
Village of Brandon
Village of Fairwater
City of Ripon

Waushara County:
Waushara County except:
Town of Plainfield
Village of Plainfield

## EIGHTY–SEVENTH ASSEMBLY DISTRICT

Adams County

Juneau County

Marquette County

Waushara County:
Town of Plainfield

Village of Plainfield

## EIGHTY–EIGHTH ASSEMBLY DISTRICT

Dodge County:
  Town of Ashippun
  Town of Brownsville
  Town of Herman
  Town of Hubbard
  Town of Lomira
  Town of Rubicon
  Town of Theresa
  Town of Williamstown
  Village of Iron Ridge
  Village of Kekoskee
  Village of Lomira
  Village of Neosho
  Village of Theresa
  City of Horicon
  City of Mayville
Fond du Lac County:
  Town of Ashford
  Town of Auburn
  Village of Campbellsport
Washington County:
  Town of Addison
  Town of Barton
  Town of Hartford
  Town of Kewaskum
  Town of Wayne
  Village of Kewaskum
  City of Hartford

## EIGHTY–NINTH ASSEMBLY DISTRICT

Fond du Lac County:
  Town of Eden
  Town of Empire
  Town of Fond du Lac
  Town of Forest
  Village of Eden
  Village of North Fond du Lac
  City of Fond du Lac

## NINETIETH ASSEMBLY DISTRICT

Fond du Lac County:
  Town of Byron
  Town of Eldorado

Town of Friendship
Town of Lamartine
Town of Oakfield
Town of Rosendale
Town of Springvale
Town of Waupun
Village of Oakfield
Village of Rosendale

Winnebago County:
  Town of Algoma
  Town of Black Wolf
  Town of Nekimi
  Town of Nepeuskun
  Town of Omro
  Town of Rushford
  Town of Utica
  City of Omro
  City of Oshkosh, Wards 35, 36, 38–40, 44, 45

## NINETY–FIRST ASSEMBLY DISTRICT

Richland County:
  Richland County except that portion within the thirty-ninth Assembly District
Sauk County:
  Sauk County except:
    Town of Greenfield
    Town of Merrimac
    Village of Merrimac
    City of Wisconsin Dells
    That portion within the thirty-eighth Assembly District

## NINETY–SECOND ASSEMBLY DISTRICT

Columbia County
Dodge County:
  Town of Westford
  Village of Randolph
Sauk County:
  Town of Greenfield
  Town of Merrimac
  Village of Merrimac
  City of Wisconsin Dells

## NINETY–THIRD ASSEMBLY DISTRICT

Dane County:
  Town of Berry
  Town of Black Earth
  Town of Cross Plains
  Town of Dane
  Town of Mazomanie
  Town of Middleton
  Town of Roxbury
  Town of Springfield
  Town of Vermont
  Town of Vienna
  Town of Westport
  Village of Black Earth
  Village of Cross Plains
  Village of Dane
  Village of Maple Bluff
  Village of Mazomanie
  Village of Waunakee
  City of Madison, Wards 15–18
  City of Middleton, except Ward 5

## NINETY–FOURTH ASSEMBLY DISTRICT

Dane County:
  Village of Shorewood Hills
  City of Madison, Wards 50–66
  City of Middleton, Ward 5

## NINETY–FIFTH ASSEMBLY DISTRICT

Dane County:
  Town of Madison
  City of Madison, Wards 30–32, 34–42, 44–49

## NINETY–SIXTH ASSEMBLY DISTRICT

Dane County:
  City of Madison, Wards 6, 7, 12, 19–29, 33, 43

## NINETY–SEVENTH ASSEMBLY DISTRICT

Dane County:
  Town of Blue Mounds
  Town of Dunn
  Town of Fitchburg
  Town of Montrose
  Town of Oregon
  Town of Perry
  Town of Primrose
  Town of Rutland
  Town of Springdale
  Town of Verona
  Village of Belleville (part)
  Village of Blue Mounds
  Village of Brooklyn (part)
  Village of Mount Horeb
  Village of Oregon
  City of Verona

Green County:
  Town of Brooklyn
  Town of Exeter
  Town of New Glarus
  Town of York
  Village of Belleville (part)
  Village of Brooklyn (part)
  Village of New Glarus

Rock County:
  Town of Union
  City of Evansville

## NINETY–EIGHTH ASSEMBLY DISTRICT

Dane County:
  Town of Burke
  Town of Blooming Grove
  Village of McFarland
  City of Madison, Wards 1–5, 8–11, 13, 14
  City of Monona
  City of Sun Prairie, Wards 7, 8

## NINETY–NINTH ASSEMBLY DISTRICT

Dane County:
  Town of Albion
  Town of Bristol
  Town of Christiana
  Town of Cottage Grove
  Town of Deerfield
  Town of Dunkirk
  Town of Medina
  Town of Pleasant Spring
  Town of Sun Prairie
  Town of Windsor
  Town of York

Village of Cambridge
Village of Cottage Grove
Village of Deerfield
Village of DeForest
Village of Marshall
Village of Rockdale
City of Stoughton
City of Sun Prairie except Wards 7, 8
Jefferson County:
Village of Cambridge (part)

## ORDER

On page 17 of our reapportionment decision and order of June 9, 1982 we stated:

"We have tried to be as accurate as possible in drafting our plan. For the reasons stated above, and due to the enormity of the task, however, we recognize the possibility that arithmetic and/or inclusion-exclusion error could slip into the final product. For this reason we request that Dr. H. Rupert Theobald, Chief of the Wisconsin Legislative Reference Bureau, review our plan as soon as possible and advise us if any corrections are necessary."

Dr. Theobald and his staff at the Wisconsin Legislative Reference Bureau reviewed our plan as requested and on June 15, 1982 we received his corrections. His corrections, copied and attached to this decision as Exhibit A, with the exception of the changes regarding the City of Brookfield are adopted by the court and the order of June 9, 1982 is accordingly amended to reflect the changes.

Exhibit A advised us that on June 14, 1982, it was learned that the previously supplied ward population data for the City of Brookfield contained errors. Because our plan divided the city, the new data for Brookfield increased the population of our plan's Assembly District 30 by 653 from 47,530 to 48,183. The new data reduced the population of our plan's Assembly District 68 by 653 from 47,471 to 46,818.

As originally contemplated by the court, the deviations in Assembly Districts 30 and 68 were a very acceptable 0% and .12%. With the data changes, the districts become the highest and lowest in our plan and we deem their deviation to be unacceptable. Accordingly, we order the following changes:

*AD 30* loses City of Brookfield ward 16 and gains the City's ward 17

*AD 68* loses City of Brookfield ward 17 and gains the City's ward 16

As a result of this shift, the new figures for the districts are as follows:

| | | | |
|---|---|---|---|
| AD 30 | 47,437 | −94 | −.20% |
| AD 68 | 47,564 | +33 | +.07% |

The component lists for Assembly Districts 30 and 68 are amended to reflect this change, as are the Senate district figures for the districts that include AD 30 and AD 68. The changes do not affect the deviation range of the court's plan which remains at 1.74%.

In light of the foregoing, the following amendments to the plan are made:

1. The description of the Thirtieth Assembly District, found at page (e) of the components list, is amended to read:

THIRTIETH ASSEMBLY DISTRICT

Waukesha County:
Town of Brookfield
City of Brookfield, wards 7, 10–13, 17–20
City of New Berlin, except ward 21

2. The description of the Sixty-eighth Assembly District, found at page (s) of the components list, is amended to read:

SIXTY–EIGHTH ASSEMBLY DISTRICT

Milwaukee County:
City of Milwaukee, wards 296–298, 301, 302
City of Wauwatosa, wards 9 and 21
Waukesha County:
Village of Butler
Village of Elm Grove
Village of Menomonee Falls, wards 14, 18, 20
City of Brookfield, wards 1–6, 8, 9, 14–16, 21–24

3. The population statistics for Assembly Districts Thirty and Sixty-eight, found

at pages i and ii respectively, are amended to read:

| Assembly District | Population | Deviation from Norm People | Percentage |
|---|---|---|---|
| 30 | 47,437 | −94 | −.20% |
| 68 | 47,564 | +33 | +.07% |

4. The population statistics for Senate Districts 10 and 23, found at pages II. and III. respectively, should read:

SD 10

| AD 28 | 47,616 | | |
|---|---|---|---|
| AD 29 | 47,796 | | |
| AD 30 | 47,437 | | |
| | 142,849 | +258 | +.18% |

SD 23

| AD 67 | 47,198 | | |
|---|---|---|---|
| AD 68 | 47,564 | | |
| AD 69 | 47,125 | | |
| | 142,004 | −587 | −.41% |

(NOTE: The reference here is to Senate Districts 10 and 23 as found in the Court's Reapportionment Plan of June 9, 1982. Because all Senate districts are renumbered later in this order, 10 will be changed to 28, and 23 will be changed to 33.)

In addition to the changes announced above, several of the parties have moved that we adopt various changes in the numbering system used in our plan to designate Senate districts. The plaintiffs have also suggested that in one instance the grouping pattern of Assembly districts within a Senate district be changed. These matters were argued by the parties in court on June 15, 1982 and were taken under advisement.

On page 16 of our decision of June 9, 1982 with regard to incumbent residency we stated:

"In our order of April 23, 1982 we reviewed some of the options available to us, including the option of drafting our own plan and stated: 'In judicially enacting any plan, incumbent residency will not be a consideration of this court.' We have been faithful to that pledge. At no time in the drafting of this plan did we consider where any incumbent legislator resides or whether our plan would inure to the political benefit of any one person or party.

"While our plan has been drafted without incumbency considerations, we were mindful of the fact that the fall elections only call for the election of Senators presently holding odd numbered Senate seats. Consequently, the residents of Wisconsin presently living in even numbered Senate districts will not be electing Senators under our plan until 1984. To minimize the number of people affected by our plan as it relates to Senate districts, we have tried, as much as possible consistent with the principle of one person, one vote, to use even numbers for the Senate districts in our plan that roughly correspond to areas assigned to even numbered districts in the 1972 act.

"Because all ninety-nine members of the state Assembly will be selected under this plan, we saw no reason to adhere to any numbering system for Assembly districts that related to the 1972 law."

The Democratic party leaders, intervenors Fred A. Risser and Ed G. Jackamonis, have argued in motion papers filed on June 15, 1982 that the court's plan contains serious constitutional flaws because it "... provides no vote and no representation in the Senate for 713,225 Wisconsin residents from January, 1983 until January, 1985." (Brief In Support Of Motion For Stay Pending Appeal, p. 2). While this change may have some emotional appeal, we believe it to be a house of cards that collapses when exposed to even the gentle breeze of cursory analysis. We believe the argument to be contrary to Wisconsin law (See: December 15, 1953 opinion of the Wisconsin Attorney General on the point) and contrary to common sense. The "serious errors," however, can be corrected, according to the motion papers, by simply assigning different numbers to five Senate districts.

In addition to the Democrats, other parties, particularly Governor Dreyfus, have suggested that the numbering system be changed. The changes are not urged to avoid error but rather to make our plan more consistent with the numbering system used in 1972. We believe the suggestions to have merit and because none of them go to the basic design or integrity of our plan we adopt them and order the following:

| SD | 1 in the court's plan is renumbered SD | 7 |
|---|---|---|
| " | 2 " " " " " " " | 4 |
| " | 3 " " " " " " " | 5 |
| " | 4 " " " " " " " | 6 |
| " | 5 " " " " " " " | 3 |
| " | 6 " " " " " " " | 8 |
| " | 7 " " " " " " " | 21 |
| " | 8 " " " " " " " | 22 |
| " | 9 " " " " " " " | 15 |
| " | 10 " " " " " " " | 28 |
| " | 11 " " " " " " " | 13 |
| " | 12 " " " " " " " | 32 |
| " | 13 " " " " " " " | 17 |
| " | 14 " " " " " " " | 10 |
| " | 15 " " " " " " " | 31 |
| " | 16 " " " " " " " | 12 |
| " | 17 " " " " " " " | 25 |
| " | 18 " " " " " " " | 30 |
| " | 19 " " " " " " " | 23 |
| " | 20 " " " " " " " | 24 |
| " | 21 " " " " " " " | 29 |
| " | 22 " " " " " " " | 11 |
| " | 23 " " " " " " " | 33 |
| " | 24 " " " " " " " | 20 |
| " | 25 " " " " " " " | 1 |
| " | 26 " " " " " " " | 9 |
| " | 27 " " " " " " " | 19 |
| " | 28 " " " " " " " | 2 |
| " | 29 " " " " " " " | 14 |
| " | 30 " " " " " " " | 18 |
| " | 31 " " " " " " " | 27 |
| " | 32 " " " " " " " | 26 |
| " | 33 " " " " " " " | 16 |

Consistent with these numerical changes, we believe it appropriate that changes be made in the components of four of the Senate districts as renumbered. Therefore, the following four changes are made:

1. Senate District 2 as renumbered by this order shall consist of Assembly Districts 54, 82, 83
2. Senate District 30 as renumbered by this order shall consist of Assembly Districts 52, 53, and 84.
3. Senate District 12 as renumbered by this order shall consist of Assembly Districts 46, 48, and 61
4. Senate District 29 as renumbered by this order shall consist of Assembly Districts 47, 62, and 63.

The changes in Senate Districts 2 and 30 as renumbered were suggested by the Democrats. The changes in Senate Districts 12 and 29 as renumbered were not suggested by anyone but appear to us to be consistent with the theory espoused by the Democrats and obviate the Republican suggestion that we issue an order allowing Senator Clifford Krueger to reside outside of his district.

We request that Dr. Theobald incorporate the changes ordered herein into his previously prepared analysis and submit an amended analysis to us as soon as possible.

SO ORDERED.

## EXHIBIT A

### APPARENT TECHNICAL ERRORS:

The review of the court's redistricting plan by the legislative reference bureau (LRB) was limited to an independent recompiling, from the text and maps supplied with the court's order, of the text describing each assembly district and the statistics of population for that district.

In making this review, 7 types of errors were encountered:

(1) OMISSIONS.

*A.Dist.29* Assembly district 29 contains the town of Vernon in Waukesha county. The town surrounds the village of Big Bend. Inasmuch as both the court and the LRB established the identical district population number—47,796—the failure to list the village as one of the components of the district as shown on page "(e)" appears to have been an inadvertent omission.

*A.Dist.41* Assembly district 41 contains the town of Cady in St. Croix county. The town surrounds that part of the village of Spring Valley which is located in St. Croix county (the remainder of the territory of the village of Spring Valley, including the entire population of that village, is located in Pierce county). The failure to list the St. Croix county part in the components of the assembly district as shown on page "(i)" does not affect the population total—47,818 —for A.Dist.41.

(2) APPARENT ERRORS IN ADDITION. In two cases, the LRB was unable to find a reason why the numbers compiled by the LRB did not agree with those published by the court:

*A.Dist.6* Court: 47,509; LRB: 47,533. Difference: 24.

*A.Dist.31* Court: 47,586; LRB: 47,587. Difference: 1.

(3) ADJUSTMENTS BASED ON CENSUS CHANGES. All other differences in population numbers appear attributable to the successive census corrections of November 16, 1981, and May 24, 1982:

*A.Dist.1* No difference. The 5/24/82 shift of 24 persons was allocated to ward 271 of the city of Milwaukee and ward 1 of the city of St. Francis. Detailed census information will not be available until July.

*A.Dist.64* Court: 47,657; LRB: 47,611. Difference: 46. See A.Dist.65.

*A.Dist.65* Court: 47,471; LRB: 47,517. Difference: 46. The 5/24/82 census corrections contained a 46-person adjustment affecting the city and town of Waukesha. Inasmuch as A.Dist.64 contains the entire town of Waukesha, the adjustment was allocated to ward 26 of the city of Waukesha.

*A.Dist.76* Court: 47,316; LRB: 47,327. Difference: 11. The 11/16/81 census corrections contained an 11-person adjustment affecting the town of Liberty and the village of Valders in Manitowoc county. The difference appears to have been attributable to that shift. However, while the court and LRB disagree on the A.Dist.76 population containing the town of Liberty, both agree on the population number for A.Dist. 74—47,363—containing the village of Valders.

*A.Dist.79* Court: 47,788; LRB: 47,681. Difference: 107. The 5/24/82 census corrections contained a 107-person reduction in the Outagamie county population of the city of Appleton and a 38-person increase in the population of the town of Grand Chute in that county. Since the entire town and a large part of the city are both in this assembly district, the Appleton reduction was allocated to ward 17. Census detail will not be available until July.

*A.Dist.90* Court: 47,750—LRB: 47,779. Difference: 29. The 11/16/81 census corrections contained a 29-person increase in the population of the town of Algoma in Winnebago county.

(4) CITY OF BROOKFIELD.

*A.Dists.30 and 68* As contained in the court's plan, the 2 assembly districts divide the city of Brookfield in Waukesha county. Based on the ward population data for that city then available, the court and LRB agree on the population totals for A.Dist.30 (47,530) and A.Dist.68 (47,471) and corresponding Senate Districts 10 and 23. On 6/14/82, LRB learned that the city of Brookfield ward population data contained errors. Using the newly-corrected population information, the population of A.Dist.30 is increased by 653 to 48,183, and the population of A.Dist.68 is reduced by 653 to 46,818.

(5) TERMINOLOGY.

*A.Dists.34 and 35* The "wards" of the city of La Crosse used in the court's order appear to be the supervisory district wards used by the county. A different ward plan promulgated by the city is under litigation.

(6) MISLABELED MUNICIPALITIES.

*A.Dist.21* Sturtevant, in Racine county, is a village (not a city); see page "(c)" of the court's order.

*A.Dist.41* Knapp, in Dunn county, is a village (not a town); see page "(h)" of the court's order.

*A.Dist.44* Augusta, in Eau Claire county, is a city (not a village); see page "(i)" of the court's order.

*A.Dist.48* Gresham and Tigerton, in Shawano county, are villages (not cities); see page "(k)" of the court's order.

*A.Dist.54* Bonduel, in Shawano county, is a village (not a town); see page "(n)" of the court's order.

*A.Dist.63* Hatley, in Marathon county, is a village (not a town); see page "(r)" of the court's order.

*A.Dist.69* Lannon, in Waukesha county, is a village (not a town); see page "(s)" of the court's order.

*A.Dist.70* Grafton, in Ozaukee county, is a village (not a city); see page "(s)" of the court's order.

*A.Dist.72* The town and village of Fredonia are in Ozaukee county; (not Washington county); see page "(t)" of the court's order.

*A.Dist.88* Brownsville, in Dodge county, is a village (not a town); see page "(y)" of the court's order.

(7) MAP CORRECTIONS.

*A.Dist.83* The district, in the Brown county/Outagamie county area, was not shown on either map panel "M2a" or "M2b" of the court's order.

*Senate District 10*, as shown on map panel "M3b", failed to include the western part of the city of Oak Creek which is correctly shown as a part of A.Dist.28 on map panel "M16".